Argued and submitted June 22, judgment affirmed;
sentence vacated and remanded for resentencing August 3,
reconsideration denied September 24,
petition for review denied November 3, 1981 (291 Or 893)

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD W. LIPPERT,
*Appellant.*

## (No. 138-C, CA 19989)

632 P2d 28

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Defendant was convicted after trial to the court of attempting to use a dangerous weapon, a firearm, ORS 166.220, and of being an exconvict in possession of a firearm. ORS 166.270. On the first charge the court imposed a five-year minimum term pursuant to ORS 161.610. On the other charge the court ordered defendant to serve five years probation to begin at the expiration of the sentence on the first charge. Defendant appeals, challenging only the sentences imposed.

His first assignment of error contends the court improperly enhanced the penalty on the first charge under ORS 161.610, because use of a firearm is an element of that charge and the enhanced penalty would constitute double punishment for use of a firearm. He also argues the minimum sentence without possibility of parole authorized by ORS 161.610 is inconsistent with Article I, § 15, of the Oregon Constitution.

Defendant's first contention under this assignment was answered adversely to his position in *State v. Papineau,* 53 Or App 33, 630 P2d 904 (1981); *State v. Warner,* 52 Or App 987, 630 P2d 385 (1981).

Defendant's second contention was not raised or addressed in either *State v. Papineau, supra,* or *State v. Warner, supra.* Article I, § 15, of the Oregon Constitution provides:

> "Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

Defendant contends imprisonment without the possibility of parole is vindictive and not consistent with the principles of reformation because even if defendant is permanently reformed he is not entitled to release from prison. Defendant's brief was filed after the Supreme Court accepted review in *State v. Shumway,* 44 Or App 657, 607 P2d 191 (1980), but prior to the decision by the Supreme Court in that case, 291 Or 153, 630 P2d 796 (1981). Defendant speculated in his brief that Article I, § 15, was a major concern of the Supreme Court in *Shumway* and that the

decision on review would probably be dispositive of his constitutional claim.

In *Shumway,* the Supreme Court held the minimum sentence for murder specified in ORS 163.115(5) was invalid because it was disproportionate to the offense of ordinary murder when compared to the minimum sentence structure for aggravated murder, ORS 163.105. Because the minimum sentence without possibility of parole was invalid, it was unnecessary for the court to determine if that type of sentence violated Article I, § 15. Defendant's speculation did not ripen into actuality. *But see* the specially concurring opinion of Tanzer, J., *State v. Shumway, supra,* 291 Or at 169.

The Supreme Court has, however, previously determined the constitutional validity of incarceration without the possibility of parole. In *Tuel v. Gladden,* 234 Or 1, 379 P2d 553 (1963), defendant was sentenced to life imprisonment pursuant to the former Habitual Criminal Act (Or Laws 1947, Ch 585), which provided that a person determined to be a habitual criminal could be sentenced to life imprisonment without parole. In a post-conviction proceeding, petitioner contended that his sentence was inconsistent with Article I, § 15. In rejecting that contention, the Supreme Court said:

"It is held, however, that the Habitual Criminal Act and the life confinement thereunder is not contrary to Art I, § 15, of the Oregon Bill of Rights. The Oregon Constitution does not attempt to state all of the principles to be followed by the legislature in enacting sentencing laws. The constitution does contain sentencing restrictions in addition to the above quoted. It requires that 'all penalties shall be proportioned to the offense'; excessive fines shall not be imposed; and cruel and unusual punishments shall not be inflicted. Art I, § 16. The drafters of the constitution, however, did not include the most important consideration of all, the protection and safety of the people of the state. Such a principle does not have to be expressed in the constitution as it is the reason for criminal law. All jurisdictions recognize its overriding importance. [Footnote omitted.]

"We interpret Art I, § 15, of the Oregon Bill of Rights to command and require that Oregon sentencing laws have as their object reformation and not retaliation, but they do

not require that reformation be sought at substantial risk to the people of the state." 234 Or at 5-6.

The court concluded that the Habitual Criminal Act was based on the belief that a person who had been convicted of three prior felonies had demonstrated he is a menace to the community and in need of confinement for the protection of society. The obligation to protect society overrides considerations of reformation when the criminal character of the individual demonstrates reformation is unlikely.

The rationale expressed in *Tuel* is applicable in analyzing the minimum sentence provided by ORS 161.610. Although vindictive justice is prohibited by Article I, § 15, other penologic objectives are not. In enacting penal statutes the legislature is legitimately concerned with public safety and deterrence. Minimum sentences are not necessarily retaliatory but may simply be a reflection of the legislative concern for public safety and deterrence. Logically, a person who commits a felony by the use of a firearm constitutes a greater danger to the community than does a criminal who is unarmed. The enhanced penalty provision of ORS 161.610 is a recognition of that premise and, in addition, sends a message to persons bent on criminal activity that they risk a greater penalty if they use a firearm, in the perhaps vain hope it will deter at least the use of firearms. Article I, § 15, does not prevent the legislature from classifying certain criminal conduct as particularly dangerous and designating heavier penalties for that class of conduct to protect society and deter such conduct in the future. We conclude the sentence authorized and imposed pursuant to ORS 161.610 does not offend the principles of Article I, § 15.

■ Defendant's final assignment contends the court did not have authority to impose a probationary term consecutive to the five-year sentence on the first charge. The state concedes the court erred. We agree, *State v. Maddox,* 29 Or App 787, 564 P2d 1372, *rev den* 280 Or 171 (1977), and remand for resentencing on the conviction for exconvict in possession of a firearm.

Judgment affirmed; sentence vacated and remanded for resentencing.