Argued and submitted October 24, affirmed December 21, 1983, reconsideration
denied January 27, petition for review denied February 15, 1984 (296 Or 486)

## STATE OF OREGON,
*Respondent,*

*v.*

## STEVEN JAMES COLE,
*Appellant.*

(C 81-04-32321, C 81-12-36749;
CA A25701, A25938)
(Cases consolidated)

673 P2d 587

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert E. Barton, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

After a jury trial on an indictment charging him with robbery in the first degree, attempted theft by extortion and theft by extortion, defendant was acquitted of the robbery charge and convicted of the other two charges. The trial court set aside the convictions and ordered a new trial on the attempted theft by extortion and theft by extortion charges. In the subsequent jury trial, defendant was found guilty only of attempted theft by extortion. He appeals that conviction, contending that the court erred by denying his motion for judgment of acquittal, excluding testimony from a defense witness, holding that the motion for arrest of judgment and a new trial was untimely, and in extending his probation in another case.

In analyzing defendant's motion for judgment of acquittal, we view the evidence in the light most favorable to the prosecution. *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974). Caraher, defendant's girlfriend, was a tenant of an apartment house owned by the victim of the theft. When she moved out of the apartment before November, 1981, she owed approximately $400 for back rent and damage to the apartment. The victim had several contacts with her regarding the debt and finally submitted it to a collection agency. On November 19, 1981, Caraher, who was at that time living with defendant, called the victim and told him to come to a designated motel and she would pay the amount owed. When the victim arrived in the motel room, defendant came out of a closet where he had been hiding. He had a gun and a camera and ordered the victim to disrobe. Caraher disrobed and engaged in deviate sexual acts with the victim while defendant took pictures.

Defendant and Caraher demanded that the victim pay them $100,000 or the photographs would be shown to his wife. After brief negotiations, they reduced the amount of their demand and finally agreed to accept $200. The victim went to his place of employment, followed by defendant and Caraher, and paid them $200. He did not receive the photographs and Caraher told him, "You'll hear from us tomorrow." The next day, the victim reported the incident to the police. An officer came to the victim's place of business to continue the investigation. While the officer was present,

Caraher called and demanded more money. No more money was paid, and defendant and Caraher were subsequently arrested.

In the first assignment, defendant contends that the court should have granted his motion for judgment of acquittal, because there was insufficient evidence that defendant was involved in the attempted theft by extortion. He argues that that charge was based on the activities of Caraher on November 20, 1981, when she called the victim demanding more money. He contends that there is no evidence that he was in any way involved in Caraher's demand.

The state, at trial, advanced two theories for conviction on the attempted theft charge. It argued, first, that defendant and Caraher had a plan to extort a large sum of money from the victim and began implementing the plan on November 19, 1981. When they agreed to accept $200, it was in the nature of a down payment on a larger sum which they intended to collect from the victim. When they received the $200 on November 19, Caraher had said, "You'll hear from *us* tomorrow." Consequently, the state contends, Caraher's demand for more money on November 20 was simply a continuation of the plan of extortion begun a day earlier.

The second theory advanced by the state was that defendant was involved with Caraher in the attempt to extort money from the victim on November 20. It points to evidence that defendant had been involved in the plan from the start, had taken the pictures, had threatened to show them to the victim's wife and had participated in the negotiation of the amount demanded. He lived with Caraher before and sometime after November 20. The state argues that there was evidence from which the jury could find that defendant was still participating as a principal in the attempted extortion on November 20.

We agree with the trial court that under either theory propounded by the state, there was sufficient evidence from which the jury could find defendant guilty.

In the second assignment, defendant argues that the court erred in excluding the testimony of a defense witness. One theory of defense was that the victim had offered to

engage in sexual acts with Caraher in exchange for cancellation of the debt. Defendant testified that he overheard the victim make such an offer to Caraher. He also introduced the testimony of Rutherford, a former tenant of the victim's apartment house. She testified that the victim had offered to accept sexual favors in lieu of rental payments. That testimony was received without objection. The rejected testimony was produced on an offer of proof. The witness, Rizzi, a former female tenant of the victim, testified that in June, 1981, the victim had placed his hands on her breasts on two separate occasions.

Defendant contends that the testimony was admissible under OEC 404(3) to show the victim's motive, plan and intent in seeking sexual favors from female tenants of his apartment house. Specifically, he argues, the evidence shows the victim's motive in going to the motel room to meet Caraher and rebuts his testimony that he was forced to have sexual relations with her. The trial court rejected the offer of proof, because there were not sufficient similarities between the actions of the victim toward Rizzi and his conduct toward Caraher to be probative of defendant's theory. The court also concluded that it raised a collateral issue with limited probative value. We conclude that the trial court did not abuse its discretion in rejecting the offer of proof. *See State v. Krummacher, supra.*

■ After trial, defendant filed a belated[1] motion in arrest of judgment and for a new trial, contending that ORS 164.075 is unconstitutional. He contends that the motions were filed late because *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982), on which he relies for his constitutional argument, was decided after the judgment. The trial court refused to reach the merits of the motion because it was untimely. He specifically declined to exercise the discretion granted by ORS 136.535 to allow late filing of the motion. We conclude that the court did not abuse its discretion or err in denying the untimely motion. We find no compelling reason to address the merits of the motion. *State v. Kral,* 55 Or App 212, 637 P2d 1300 (1981).

---

[1] ORS 136.535 requires that such motions be filed within five days after the judgment.

In the final assignment, defendant contends that the court abused its discretion in revoking his probation and then continuing it with additional conditions. Defendant argues that if we reverse his conviction of attempted theft by extortion, the order extending his probation should also be reversed. Because we affirm the conviction, we also affirm the probation order.

Affirmed.