Argued and submitted October 21, 1983, affirmed March 21, reconsideration denied August 17, petition for review denied September 18, 1984 (297 Or 824)

## MELVIN RAY NORRIS,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(132,735; CA A26787)

678 P2d 756

Janet A. Metcalf, Portland, argued the cause for appellant. With her on the brief were English & Metcalf, and D. Richard Hammersley, Portland.

Margaret E. Rabin, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

.

## RICHARDSON, P. J.

In this petition for post-conviction relief, ORS 138.510 *et seq,* petitioner challenges the constitutionality of ORS 163.105, under which he received two consecutive terms of life imprisonment with minimum twenty-year sentences for aggravated murder.[1] The post-conviction court denied relief, and we affirm.

Petitioner was convicted of two counts of aggravated murder and one charge of attempted murder.[2] The murders meet the definition of "aggravated murder," because there were two victims. ORS 163.095(2)(c).[3] The provision under which defendant was sentenced then provided in pertinent part:

"Nothwithstanding the provisions of ORS chapter 144, ORS 421.165 and 421.450 to 421.490:

"* * * * *

"(2)   When a defendant is convicted of murder defined as aggravated murder pursuant to subsection (2) of ORS 163.095, the court shall order that the defendant shall be confined for a minimum of 20 years without possibility of parole, release on work release, temporary leave or employment at a forest or work camp.

"(3)   At any time after 20 years from the date of imposition of a minimum period of confinement pursuant to subsection (1) of this section, or at any time after 15 years from the date of imposition of a minimum period of confinement pursuant to subsection (2) of this section, the State Board of Parole, upon the petition of a prisoner so confined, shall hold a hearing to determine if the prisoner is likely to be rehabilitated within a reasonable period of time. The sole issue shall be whether or not the prisoner is likely to be rehabilitated within a reasonable period of time. * * *

"* * * * *

"(4)   If, upon hearing all the evidence, the board finds that the prisoner is capable of rehabilitation and that the

---

[1] *See State v. Norris,* 40 Or App 505, 595 P2d 1261, 595 P2d 1377, *rev den* 287 Or 355 (1979).

[2] The attempted murder charge is not involved in this appeal.

[3] The statute was amended by Or Laws 1981, ch 873, § 1.

terms of his confinement should be changed to life imprisonment with the possibility of parole, or work release, it shall enter an order to that effect. Otherwise, the board shall deny the relief sought in the petition.

"(5)   Not less than two years after the denial of the relief sought in a petition under this section, the prisoner may petition again for a change in the terms of his confinement. Further petitions for a change may be filed at intervals of not less than two years thereafter." ORS 163.105.[4]

The minimum sentences were mandatory, and there is no possibility of parole for at least the first 15 years of each. Petitioner argues that the mandatory minimum sentence statute violates Article I, § 15, of the Oregon Constitution:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not of vindictive justice."

Citing the specially concurring opinion of Judge Tanzer in *State v. Shumway,* 291 Or 153, 169, 630 P2d 796 (1981), petitioner contends that ORS 163.105 is unconstitutional, because it prevents, for a certain period of time, the consideration of individual circumstances and reformation.

In *State v. Lippert,* 53 Or App 358, 632 P2d 28, *rev den* 291 Or 893 (1981), and *State v. Warner,* 52 Or App 987, 630 P2d 385, *rev den* 291 Or 662 (1981), we considered the same arguments with respect to ORS 161.610, which required a minimum sentence for certain crimes involving the use of a firearm. Relying on the reasoning of *Tuel v. Gladden,* 234 Or 1, 379 P2d 553 (1963), we upheld the minimum sentence provision. In *Tuel,* the Supreme Court found that Article I, § 15, did not invalidate the former Habitual Criminal Act, under which a person could be sentenced to life imprisonment without parole. The court said:

"We interpret Art I, § 15, of the Oregon Bill of Rights to command and require that Oregon sentencing laws have as their object reformation and not retaliation, but they do not require that reformation be sought at substantial risk to the people of the state." 234 Or at 6.

In *Lippert* we said:

---

[4] The statute was amended by Or Laws 1981, ch 873, § 4.

"The court [in *Tuel*] concluded that the Habitual Criminal Act was based on the belief that a person who had been convicted of three prior felonies had demonstrated he is a menace to the community and in need of confinement for the protection of society. The obligation to protect society overrides considerations of reformation when the criminal character of the individual demonstrates reformation is unlikely.

"The rationale expressed in *Tuel* is applicable in analyzing the minimum sentence provided by ORS 161.610. Although vindictive justice is prohibited by Article I, § 15, other penologic objectives are not. In enacting penal statutes the legislature is legitimately concerned with public safety and deterrence. Minimum sentences are not necessarily retaliatory but may simply be a reflection of the legislative concern for public safety and deterrence. Logically, a person who commits a felony by the use of a firearm constitutes a greater danger to the community than does a criminal who is unarmed. The enhanced penalty provision of ORS 161.610 is a recognition of that premise and, in addition, sends a message to persons bent on criminal activity that they risk a greater penalty if they use a firearm, in the perhaps vain hope it will deter at least the use of firearms. Article I, § 15, does not prevent the legislature from classifying certain criminal conduct as particularly dangerous and designating heavier penalties for that class of conduct to protect society and deter such conduct in the future. We conclude the sentence authorized and imposed pursuant to ORS 161.610 does not offend the principles of Article I, § 15." 53 Or App at 362.

ORS 163.105 reflects the legislature's concern for public safety and deterrence. A person who murders more than one person in a single criminal episode may legitimately be considered more dangerous to the public. We conclude that our reasoning in *Lippert* applies to the case before us. *See also generally,* Schneider, *In Search of Proportionate Punishment, A New Murder Statute in Oregon,* 18 Will L J 173 (1982).

Petitioner argues:

"Like the penalty condemned in *State v. Shumway,* the 20 year minimum sentence for aggravated murder does not distinguish, for example, between a cold-blooded mass murderer, and a man, like the petitioner, who claims that he shot people who he thought were a threat to his wife, and his friend. * * *"

As we implied in *Lippert,* Article I, § 15, does not require that a sentencing statute provide that all of the circumstances of the

individual and the crime be taken into account. As we stated there, the legislature may designate a heavier penalty for certain *classes of criminal conduct.* The potential differences defendant points out between different murderers with multiple victims also could arise between different individual habitual offenders subject to the statute at issue in *Tuel* or between different offenders using firearms subject to the statute at issue in *Lippert* and *Warner.*[5]

We conclude that the statute under which defendant was sentenced does not violate Article I, § 15, of the Oregon Constitution.

Affirmed.

---

[5] Petitioner argues that the statute considered in *Lippert,* ORS 161.610, allowed for a lesser sentence in certain cases, if there were mitigating circumstances. ORS 161.610(6). That provision applied only to first offenses. Further, we did not rely on that factor in *Lippert. But see State v. Warner, supra.* Petitioner also contends that the petitioner in *Tuel* could have had his sentence shortened by "good time" under the applicable statutes at the time. Whether or not that assertion is accurate, no such factor was relied on by the court in *Tuel,* which noted that the penalty was without possibility of parole.