Argued and submitted September 30, 1985, affirmed January 29, reconsideration denied March 7, petition for review denied April 15, 1986 (300 Or 722)

# STATE OF OREGON
*Respondent,*

*v.*

# JOHN LAURENCE WALKER
*Appellant.*

(10-84-06170; 10-84-10009; 10-84-06957;
CA A35376 (Control); A35377; A35378)
(Cases consolidated)

713 P2d 666

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In these three consolidated cases, defendant appeals the sentences imposed by the trial court. The issue is whether the court had the authority to impose terms of imprisonment in the county jail as conditions of continued probation, to be served after a prison term defendant was sentenced to serve because of his conviction for other felonies. We affirm.

On December 10, 1984, defendant was convicted of burglary in case No. 10-84-06170. He was placed on five years probation. Also on December 10, defendant was convicted of felony theft in case No. 10-84-06957. Again, he was placed on five years probation. On December 19, 1984, he committed two new felonies. He pled guilty to those in case No. 10-84-10009 on January 14, 1985.

On March 5, 1985, the circuit court merged defendant's convictions in case No. 10-84-10009 and sentenced him to a maximum term of five years with a two and one-half year minimum term. The court continued him on probation in the two earlier cases but imposed as additional conditions that, in case No. 10-84-06170, he serve one year in the county jail consecutive to the prison term imposed in case No. 10-84-10009 and that, in case No. 10-84-06957, he serve an additional year in the county jail consecutive to the sentence imposed in case No. 10-84-06170, including the county jail time.

■■ Defendant contends that the circuit court erred in ordering consecutive probationary terms to be served consecutive to his prison sentence. ORS 137.540(6) provides: "The court may at any time modify the conditions of probation." The trial court had authority to impose new conditions of probation. *State v. Cole,* 66 Or App 203, 208, 673 P2d 587 (1983), *rev den* 296 Or 486 (1984). Further, the court had authority to revoke defendant's probation on the basis of his conviction of new crimes and to impose a sentence running consecutively to the sentence imposed for the new crime committed during probation.[1] *State v. Monahan,* 29 Or App 791, 564 P2d 1374 (1977).

---

[1] Defendant's reliance on *State v. Mastrilli,* 62 Or App 464, 661 P2d 124 (1983), *State v. Ward,* 59 Or App 42, 650 P2d 163 (1982) and *State v. DeChenne,* 39 Or App 901, 594 P2d 831 (1979) is misplaced. Those cases involved attempts to impose sentences consecutive to other sentences that had not yet been imposed.

Defendant contends that any jail time imposed as a condition of probation must be ordered served at the beginning of a probationary period. He argues that placing a jail term at the end of a probationary period violates Oregon Constitution, Article I, sections 15 and 16.[2] We disagree. Those sections do not require that probation conditions imposing a jail term must be served "up front," and, in practice, routinely they are not.[3] Ordering that a jail term be served later is permissible as being within the statutory and inherent sentencing powers of the court. *See State v. Jones,* 250 Or 59, 440 P2d 371 (1968); *State v. Haywood,* 73 Or App 6, 697 P2d 977 (1985); *State v. Holmes,* 62 Or App 652, 661 P2d 556, *rev den* 295 Or 297 (1983). Similarly, the court had authority to order that the jail terms be served consecutively to each other.

Defendant contends that placing consecutive jail terms at the end of his prison sentence also violates Oregon Constitution, Article I, sections 15 and 16. Again, we disagree. The trial court stated, *inter alia,* that the sentences were imposed for the protection of society. That certainly is a legitimate goal of sentencing. *See Norris v. Cupp,* 67 Or App 393, 678 P2d 756, *rev den* 297 Or 824 (1984); *State v. Lippert,* 53 Or App 358, 632 P2d 28, *rev den* 291 Or 893 (1981). We find no merit in defendant's cruel and unusual punishment argument. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

Defendant contends that the additional conditions of probation imposing jail time were not rationally related to the needs of effective probation. We conclude that the additional conditions were permissible, given that defendant committed

---

[2] Oregon Constitution, Article I, section 15, provides:

"Laws for the punishment of crime shall be founded on the principles of reformation, and not vindictive justice."

Oregon Constitution, Article I, section 16, provides in part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

[3] For example, trial judges often order jail terms to be served on weekends as a condition of probation.

two felonies within ten days after having been granted probation.

■ Defendant contends that, if he serves more than three years in prison in No. 10-84-10009, the length of his probation in the other cases could exceed five years. He relies on *State v. Mock,* 67 Or App 532, 679 P2d 330 (1984). Defendant's probation may *not* exceed five years, but that is not in issue in this appeal. ORS 137.010.

Affirmed.