On appellants' petitions for reconsideration filed March 15 on orders of dismissal filed February 8, reconsideration allowed; orders adhered to June 19, both petitions for review denied October 29, 1991 (312 Or 235)

## STATE OF OREGON,
*Respondent,*

*v.*

## GARVIN ARTHUR PROVONSHA,
*Appellant.*

(C89-12-37007; CA A66864 (Control))

## STATE OF OREGON,
*Respondent,*

*v.*

## MARC PROVONSHA,
*Appellant.*

(C89-12-37008; CA A66865)
(Cases Consolidated for Reconsideration)

813 P2d 563

David M. Audet and Rieke, Geil & Savage, Portland, for petitions.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

**JOSEPH, C. J.**

Appellants have filed petitions for review of orders of dismissal, which we treat as petitions for reconsideration. ORAP 9.15(1). They appealed from judgments of conviction and sentence, entered on August 2, 1990, and orders denying a new trial, entered on September 17, 1990. We dismissed the appeals on our own motion because the motions for new trial, filed on August 9, 1990, had not been filed within five days after entry of the judgments. ORS 136.535(1). Because an untimely motion for new trial does not extend the time to file an appeal, the notices of appeal were late. ORS 138.071(2). We allow reconsideration and adhere to the orders.

ORS 136.535(1) provides:

> "A motion in arrest of judgment or a motion for new trial, with the affidavits, if any, in support thereof shall be filed within five days after the filing of the judgment sought to be set aside, *or such further time as the court may allow.*" (Emphasis supplied.)

Appellants argue that, although the motions for new trial were not filed within five days after entry of the judgments, the trial court properly exercised its discretion under ORS 136.535(1) to hear and determine the motions after that time.

■ Both ORS 136.535(1) and its civil counterpart, ORCP 64(F), give a trial court authority to entertain a motion for new trial that is filed within a limited period of time. It has long been the rule in civil cases that a court has authority to hear a motion for new trial *only if* the motion was filed within the time fixed in the statute, unless an extension of time for filing was granted within that period. *State ex rel State Farm Mutual Auto. Ins. Co. v. Olsen,* 285 Or 179, 181, 590 P2d 231 (1979). The time for filing a motion for new trial is limited in order to avoid unnecessarily extending the time for filing appeals and to expedite ultimate resolution of cases. *Schmidling v. Dove,* 65 Or App 1, 7, 670 P2d 166 (1983). Those policy considerations also apply in criminal cases. Language in *State v. Cole,* 66 Or App 203, 207, 673 P2d 587 (1983), *rev den* 296 Or 486 (1984), suggests that, in a criminal case, a trial court has discretion to entertain a motion for new trial filed more than five days after entry of the judgment

without an extension of time for filing having been allowed within that period. We disapprove that suggestion.

■ Because appellants failed to file motions for new trial or to obtain extensions of time within five days after entry of the judgments, the time for filing their appeals was not extended. The appeals were not filed within 30 days after entry of the judgments, ORS 138.071(1), and this court lacks jurisdiction.

Reconsideration allowed; orders adhered to.