Argued and submitted May 13, affirmed June 29,
reconsideration denied August 13,
petition for review denied September 22, 1981 (291 Or 662)

## STATE OF OREGON,
### *Respondent,*

*v.*

## GARY LEE WARNER,
### *Appellant.*

(Cases Consolidated)

(No. C 80-08-32667, CA 19506 (Control),
No. C80-08-32913, CA 19505)

630 P2d 385

Ernest E. Estes, Deputy Public Defender, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals from the judgment on his conviction for Robbery in the First Degree (ORS 164.415) and Burglary in the First Degree (ORS 164.225).[1] The trial court sentenced defendant to concurrent terms of 10 years on the burglary conviction and 20 years on the robbery conviction. The trial court also imposed minimum sentences of 5 and 10 years, pursuant to ORS 161.610 and ORS 144.110 respectively, to run concurrently with the 20 year robbery sentence. On appeal, defendant contends first, that the minimum sentences are improper and, second, that both sentences were excessive. We conclude that the sentences imposed were proper and not excessive and therefore affirm.

There are two minimum sentence laws in Oregon. ORS 161.610,[2] enacted in 1979,[3] requires the trial court to impose a minimum term of imprisonment if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of a felony. The minimum term which must be imposed increases with each successive felony committed with a firearm. The first conviction carries a minimum term of five years, the second a minimum term of 10 years and the third a minimum term of 30 years. A person sentenced under ORS 161.610 is ineligible for work release or parole until the minimum term is served. Additionally, the trial court may not suspend the execution of the person's sentence. An exception is made where it is the defendant's first offense with a firearm, and the court expressly finds mitigating circumstances justifying a lesser sentence than that required under the statute.

---

[1] The offenses, which arose out of separate criminal incidents, are consolidated for purposes of appeal.

[2] ORS 161.610 provides:

"(1) As used in this section, 'firearm' means a weapon which is designed to expel a projectile by the action of black powder or smokeless powder.

"(2) Prior to sentencing upon a felony conviction, it shall be the duty of the district attorney to advise the court, and the duty of the court to inquire, as to whether the defendant used or threatened to use an operable or inoperable firearm during the commission of the crime.

ORS 144.110[4] was enacted in 1977[5] and allows a trial judge to require, in any felony case, that the defendant serve a minimum of up to one-half of the sentence

"(3) Unless the conviction necessarily establishes that the defendant used or threatened to use a firearm during the commission of the crime, or unless the defendant admits on the record that he used or threatened to use a firearm during the commission of the crime, whenever the court has reason to believe that the defendant so used or threatened to use a firearm, it shall set a presentence hearing on the matter. The parties may offer evidence and examine and cross-examine witnesses during the hearing.

"(4) Notwithstanding the provisions of ORS 161.605 or subsection (2) of 137.010, if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. Except as provided in subsection (6) of this section, in no case shall any person punishable under this section become eligible for work release or parole until the minimum term of imprisonment is served, less reductions of imprisonment for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court.

"(5) The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.

"(6) If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (5) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing."

[3] *See* Or Laws 1979, ch 779, § 2.

[4] ORS 144.110 provides:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced upon subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"(b) The board shall not release a prisoner on parole who has been convicted of murder defined as aggravated murder under the provisions of ORS 163.095, except as provided in ORS 163.105."

[5] *See* Or Laws 1977, ch 372, § 4.

imposed. Unlike ORS 161.610, the imposition of a minimum term is discretionary. During the minimum term a person cannot be released on parole unless four members of the parole board vote for his release.

In this case, the defendant was convicted of armed robbery. The trial court specifically found that the defendant used a firearm in the commission of the crime. Pursuant to ORS 161.610, the trial court imposed the minimum five year sentence. It also imposed a 10 year minimum as authorized by ORS 144.110. The trial court found that the 20 year total sentence and both minimums were necessary in light of the circumstances of the case and defendant's past history.

Defendant challenges the minimum sentences imposed on three grounds. He contends (1) that the trial court could not impose a minimum sentence pursuant to ORS 161.610 because the legislature did not intend that statute to apply to a sentence for armed robbery; (2) that the provisions of ORS 161.610 are an alternative to the provisions of ORS 144.110(1) and that, if ORS 161.610 applies, it governs over ORS 144.110(1); and (3) that ORS 161.610 violates the reformation clause of the Oregon Constitution. We deal with each contention in turn.

Defendant was convicted of first degree robbery, as opposed to a lesser degree of robbery, because he was armed with a deadly weapon, in this case a firearm. *See* ORS 164.395; ORS 164.415. As defendant correctly notes, possession of the firearm during the course of the robbery was an element of the substantive crime of first degree robbery and thus increased the possible penalty. On that basis, defendant argues that ORS 161.610 cannot apply to a sentence for armed robbery. He claims that the legislature could not have "intended that a defendant's possible punishment be increased twice by substantial increments because of exactly the same conduct." If this were the effect of ORS 161.610 when applied to a sentence for first degree robbery, we might agree. However, ORS 161.610 does not *increase* the defendant's sentence in any way; it simply provides for a *minimum* term of imprisonment when a firearm is used, or threatened, in the course of a felony.

Prior to the enactment of ORS 161.610, Oregon law provided that a person who committed a felony while armed with a firearm could receive an additional sentence of up to 10 years beyond the term imposed for the crime itself. *See* former ORS 166.230 (1977).[6] In *State v. Howe,* 26 Or App 743, 554 P2d 605, *rev den* (1976), this court held that the statute could not be used to enhance a sentence for first degree robbery because it would be punishing the defendant twice for the same behavior. *See also, State v. Shipley,* 39 Or App 283, 592 P2d 237 (1979).

■ ■  In contrast to former ORS 166.230, however, ORS 161.610 does not increase the length of defendant's sentence but, instead, insures that a portion of defendant's sentence, without the possibility of parole, will, in fact, be served. An examination of the legislative history reveals that the legislature intended ORS 161.610 to apply to all felonies involving the use or threatened use of a firearm.[7] The legislative purpose is clearly to provide for a mandatory minimum prison term whenever a firearm is used, or its use is threatened, during the commission of a felony. If we were to except convictions for first degree robbery from the operation of ORS 161.610, we would be ignoring the plain meaning of the statute and frustrating the legislature's purpose.

We must now determine if the imposition of a minimum sentence pursuant to ORS 161.610 prohibits a trial judge from imposing a concurrent minimum sentence pursuant to ORS 144.110.

Defendant contends that, because ORS 161.610 is a "specific" statute and ORS 144.110 is a "general" act, the provisions of ORS 161.610 control over those of ORS 144.110. The general rule is that, where two statutes refer to the same subject matter and conflict with each other, the specific or special act controls over the general act. *Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979); *Thompson v. IDS Life Ins. Co.,* 274 Or 649, 656, 549 P2d 510

---

[6] ORS 166.230 was repealed in 1979 by the same law which enacted ORS 161.610. *See* Or Laws 1979, ch 779, § 7.

[7] *See* Minutes, House Judiciary Committee, discussion of HB 2849, April 14, 1979, p 3-5 and May 1, 1979, p 12-13.

(1976). However, it is also the rule that "this court will avoid a construction which creates a conflict between statutes or renders one statute ineffective." *Vaughn v. Pacific Northwest Bell Telephone,* 289 Or 73, 83, 611 P2d 281 (1980); *Thompson v. IDS Life Ins. Co., supra,* 274 Or at 653-655. As stated by the court in *Davis v. Wasco IED, supra,* "whenever possible the court should construe statutes on the same subject as consistent with and in harmony with each other." 286 Or at 272.

With these general rules in mind, we turn to an examination of the two statutes before us. Both provide for minimum prison terms. ORS 144.110 applies to all felony cases and allows, but does not require, a judge to impose a minimum of up to one-half of the sentence imposed. ORS 161.610 requires the trial judge to impose a fixed minimum term in all felony cases where a firearm is used, or its use is threatened, with the limited exception noted above. The minimums which may be imposed have different effects. ORS 144.110 allows the person subject to its provisions to be paroled if four board members vote for his release. ORS 161.610 absolutely prohibits parole or work release during the mandatory minimum term.

As we view them, the statutes have different effects and rationales: ORS 161.610 expresses a legislative judgment that persons who commit felonies while armed with guns should serve a certain amount of time in jail, period. With the single exception already discussed, the legislature permits no participation by the trial judge or Parole Board in this decision. This is, in fact, a legislative sentence. ORS 144.110, by contrast, is a direction from the legislature to the courts and Parole Board to use their discretion and judgment in sizing up every felon and to commit those found to be especially dangerous to periods of incarceration proportionate to that characteristic.

■ In this case, the defendant was sentenced to 20 years imprisonment. Because a firearm was used during the commission of the crime, the trial judge was required to impose a five year minimum term. Under ORS 144.110 the trial judge had the authority to impose up to a 10 year minimum sentence. As applied in this case, we fail to perceive any conflict between the two statutes. The 10 year

minimum is authorized and legally proper. The concurrent five year minimum is mandatory and insures that at least the first five years of the defendant's 10 year minimum will be spent in prison. Under these circumstances, it was proper to impose concurrent minimum terms.[8] If we were to allow only a five year minimum to be imposed, ORS 144.110 would be rendered ineffective in many—and perhaps the most important—cases. It would still apply to felonies not involving the use of a firearm but would not be applicable to the more serious crimes where a firearm is used. We do not believe that the legislature intended such a result.[9]

Defendant's next claim is that ORS 161.610 violates the reformation clause of the Oregon Constitution. Art I, § 15, of the constitution provides:

---

[8] Our discussion is limited to the facts of this case. A different question might be presented where consecutive minimum sentences were imposed, or where the mandatory minimum imposed pursuant to ORS 161.610 exceeds the term which may be imposed under ORS 144.110 because it arises out of the defendant's second or third felony offense involving the use of a firearm.

[9] An examination of the legislative history at the time ORS 161.610 was enacted in 1979 reveals little in the way of legislative intent with respect to the operation of ORS 161.610, where a minimum was also imposed pursuant to ORS 144.110. However, we note that a bill similar to ORS 161.160 was introduced in 1977. *See* Enrolled House Bill 3041, 1977 session. Therefore, in 1977 the legislature was confronted with the possibility of two minimum sentence provisions. ORS 144.110, which eventually became law, was part of HB 2013. As originally written, that section expressly referred to HB 3041 and provided, in pertinent part, that:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of sections 2 and 5 of this Act:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"* * * * *

"(c) The board shall not release a prisoner on parole who has been sentenced under the provisions of chapter _____, Oregon Laws 1977 (Enrolled House Bill 3041), before the expiration of the minimum term of imprisonment imposed under chapter _____, Oregon Laws 1977 (Enrolled House Bill 3041)." *See* Or Laws 1977, ch 372, § 4.

If ORS 161.610 had been enacted in 1977, at the same time as ORS 144.110, instead of two years later, the statutes would have, by express provision, operated together.

"Laws for the punishment of crime shall be founded on the principles of reformation and not of vindictive justice."

In *Tuel v. Gladden,* 234 Or 1, 379 P2d 553 (1963), the court considered a challenge to the habitual criminal law based on the same clause. In that case, the defendant received a life sentence without the possibility of parole after being convicted of his fourth felony. The court upheld the constitutionality of the statute and defendant's conviction, reasoning as follows:

"It is held, however, that the Habitual Criminal Act and the life confinement thereunder is not contrary to Art I, § 15, of the Oregon Bill of Rights. The Oregon Constitution does not attempt to state all of the principles to be followed by the legislature in enacting sentencing laws. The constitution does contain sentencing restrictions in addition to the above quoted. It requires that 'all penalties shall be proportioned to the offenses'; excessive fines shall not be imposed; and cruel and unusual punishments shall not be inflicted. Art I, § 16. The drafters of the constitution, however, did not include the most important consideration of all, the protection and safety of the people of the state. Such a principle does not have to be expressed in the constitution as it is the reason for criminal law. All jurisdictions recognize its overriding importance.

"We interpret Art I, § 15, of the Oregon Bill of Rights to command and require that Oregon sentencing laws have as their object reformation and not retaliation, but they do not require that reformation be sought at substantial risk to the people of the state." *Id.,* at 5-6.

Like the Habitual Criminal Law considered by the court in *Tuel,* the purpose of the mandatory minimum sentence provision of ORS 161.610 is to protect society. The statute is not based on revenge or retaliation. The statute recognizes that a person who uses or threatens to use a firearm during the commission of a crime is a more dangerous individual than a person who does not. The intent of the law is to insure that society is insulated from such persons, at least for a certain period of time. At the same time, the statute recognizes that there may be exceptions and allows a lesser sentence where mitigating circumstances are found to exist by the trial judge. ORS 161.610(6). We hold

that the mandatory minimum sentencing provisions of ORS 161.610 are constitutional as applied in this case.[10]

■ Defendant's final contention is that both the 10 year sentence for first degree burglary and the 20 year sentence, with concurrent five and 10 year minimums for first degree robbery, are excessive. He claims that the trial court failed to consider rehabilitation as an alternative goal and failed to consider defendant's alcohol problem. Defendant's sentence, within the maximum allowed by law, was neither excessive nor disproportionate to the underlying facts of this case. The trial court properly considered the defendant, his past behavior, and the crime. Contrary to the defendant's claim, the trial judge acknowledged defendant's problem with alcohol and recommended that the defendant receive counseling and participate in a substance abuse program while incarcerated. We find no reason to modify defendant's sentence. *See State v. Dinkel,* 34 Or App 375, 389, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

Affirmed.

---

[10] Defendant claims further that a mandatory minimum sentence of 30 years; where a defendant has previously been subjected to the provisions of ORS 161.610, is unconstitutional in that such a sentence "shocks the conscience." As noted above, *see* n 8, *supra,* this issue is not presently before us, and we decline to consider the matter until presented with an appropriate fact situation.