Argued and submitted February 29, affirmed as modified June 6, 1984

# STATE OF OREGON,
*Respondent,*

*v.*

# DWIGHT WAYNE WALKER,
*Appellant.*

## (C82-12-38935; CA A29051)

683 P2d 1006

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Christine Chute, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

■     Defendant was convicted of four counts of robbery in the first degree, ORS 164.415, and on one count each of kidnapping in the first degree, ORS 163.235, attempted kidnapping in the first degree, ORS 161.405, and ex-convict in possession of a firearm, ORS 166.270. The trial court sentenced him to serve an indeterminate period not to exceed 20 years for each of the four robbery counts and the kidnapping count, an indeterminate period not to exceed ten years for the attempted kidnapping count and an indeterminate period not to exceed five years for the possession of a firearm count. All sentences were ordered served concurrently. On the first robbery count, the trial court imposed minimum sentences of five and ten years, under ORS 161.610[1] and 144.110(1),[2] respectively, to run consecutively. Defendant challenges the sentences on the grounds that: (1) the trial court lacked authority to impose consecutive minimum sentences under ORS 161.610 and 144.110(1); (2) imposition of mandatory minimum sentences under ORS 144.110(1) violates Article I, section 16, of the Oregon Constitution, the Eighth Amendment to the federal constitution and ORS 161.025; and (3) the sentences imposed were excessive.[3] We conclude that the imposition of consecutive minimum sentences on a single count of robbery was improper and otherwise affirm.

In his first assignment of error, defendant contends that the imposition of consecutive five-year and ten-year minimum sentences on a 20-year term on a single count of robbery in the first degree exceeds the punishment authorized by the legislature. Under ORS 144.110(1), the court may order a minimum term of imprisonment of *up to* one-half of the

---

[1] ORS 161.610 provides, in pertinent part:

"(5)  The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a)  Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years."

[2] ORS 144.110(1) provides:

"In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

[3] There is no merit in the last assignment.

sentence imposed in any felony case, or ten years in defendant's case. ORS 161.610(4) requires a judge to impose "at least the minimum term of imprisonment as provided in subection (5) of this section [*i.e.*, five years upon first conviction]" when the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime.

Defendant challenges the court's authority to impose consecutive minimum sentences under ORS 161.610 and 144.110(1). He argues that the legislature intended ORS 161.610 and 144.110(1) to operate together and that ORS 161.610(4) does not authorize a period of minimum sentencing which extends beyond the limit expressly provided in ORS 144.110, when minimum sentences are imposed under both these statutes. The essence of defendant's claim is that ORS 161.610 is intended only to remove any discretion the trial court might exercise under ORS 144.110(1) and any discretion the parole board could exercise in granting parole or work release during this mandatory minimum term when the maximum term imposed under ORS 144.110(1) exceeds that authorized under ORS 161.610.

The different effects of ORS 161.610 and 144.110 are critical in understanding and evaluating defendant's claim that the two statutes were intended to operate together when two minimum sentences are imposed. In *State v. Warner,* 52 Or App 987, 630 P2d 385, *rev den* 291 Or 662 (1981), we held that minimum sentences of five and ten years, pursuant to ORS 161.610 and 144.110(1) respectively, to run concurrently with a 20-year robbery sentence were proper. We explained:

> "* * * Both [ORS 144.110 and 161.610] provide for minimum prison terms. ORS 144.110 applies to all felony cases and allows, but does not require, a judge to impose a minimum of up to one-half of the sentence imposed. ORS 161.610 requires the trial judge to impose a fixed minimum term in all felony cases where a firearm is used, or its use is threatened, with the limited exception [of an express finding of mitigating circumstances]. The minimums which may be imposed have different effects. ORS 144.110 allows the person subject to its provisions to be paroled if four board members vote for his release. ORS 161.610 absolutely prohibits parole or work release during the mandatory minimum term.

"As we view them, the statutes have different effects and rationales: ORS 161.610 expresses a legislative judgment that persons who commit felonies while armed with guns should serve a certain amount of time in jail, period. With the single exception already discussed, the legislature permits no participation by the trial judge or Parole Board in this decision. This is, in fact, a legislative sentence. ORS 144.110, by contrast, is a direction from the legislature to the courts and Parole Board to use their discretion and judgment in sizing up every felon and to commit those found to be especially dangerous to periods of incarceration proportionate to that characteristic." 52 Or App at 993.

The Supreme Court expressly approved this explanation of ORS 161.610 in *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982). Relying on the different effects of the statutes, we concluded in *Warner* that the scheme of concurrent sentencing did not create any conflict between the two statutes and served the purpose of each statute. The ten-year minimum was authorized under ORS 144.110(1), and the concurrent five-year minimum under ORS 161.610 insured that at least the first five years of the sentence would be served in prison as the legislature directed. We also said that a different question might be presented were consecutive minimum sentences imposed, 52 Or App at 994 n 8; we address that question in this case.

■    The state initially asks that we not reach the issue, because defendant failed to raise it below. This court has the discretion under ORAP 7.19 to review allegedly illegal or unauthorized sentences apparent on the face of the record, even when no objection was made below. *See State v. Linthwaite,* 295 Or 162, 175, 665 P2d 863 (1983).

The state argues that the consecutive minimum sentences in this case, which total 15 years, are authorized, because they do not exceed the 20-year sentence imposed on the robbery count and minimum sentences "[do] not *increase* the defendant's sentence in any way; [they] simply provide * * * for a *minimum* term of imprisonment * * *." *State v. Warner, supra,* 52 Or App at 991. (Emphasis in original.) The state asserts that the imposition of consecutive minimum sentences in this case is no more than an exercise of the trial court's inherent authority to impose terms of imprisonment consecutively or concurrently. *See State v. Jones,* 250 Or 59,

440 P2d 371 (1968). The critical inquiry is whether consecutive sentences under ORS 144.110 and 161.610 are consistent with what the legislature sought to accomplish.

The consecutive minimum sentences imposed on this defendant total 15 years and run concurrently with a 20-year sentence for one count of robbery.[4] On its face, a 15-year minimum sentence imposed on a 20-year maximum sentence conflicts with ORS 144.110, which by its plain language allows the imposition of a minimum sentence of *up to one-half* the term of years imposed as a maximum sentence. Although in this case the consecutive statutory minimums imposed do not increase defendant's penalty, because the maximum to which he could be sentenced was not exceeded, that would not always be true. If a defendant were convicted of a Class C felony and the jury or the court found that he used or threatened to use a firearm, the court would be required to impose a five-year minimum term under ORS 161.610(5)(a). If the court were further authorized to impose a consecutive two and one-half year minimum under ORS 144.110, the total minimum sentence of seven and one-half years would exceed the maximum term for a Class C felony of five years under ORS 161.605(3). (*See also State v. Wedge, supra,* 293 Or at 608, where the Supreme Court suggests that such a scheme might result in a violation of defendant's constitutional right to a trial by jury.)

We return to defendant's claim that the legislature intended ORS 161.610 and 144.110 to operate together when minimum sentences are imposed under both statutes and also to *State v. Warner, supra:*

> "An examination of the legislative history at the time ORS 161.610 was enacted in 1979 reveals little in the way of legislative intent with respect to the operation of ORS 161.610, where a minimum was also imposed pursuant to ORS 144.110. However, we note that a bill similar to ORS 161.610 was introduced in 1977. *See* Enrolled House Bill 3041, 1977 session. Therefore, in 1977 the legislature was confronted with the possibility of two minimum sentence provisions. ORS 144.110, which eventually became law, was part of HB 2013. As originally written, that section expressly referred to HB 3041 and provided, in pertinent part, that:

---

[4] A different question may be presented when consecutive minimum sentences are imposed on different counts. *See, e.g., State v. Holmes,* 62 Or App 652, 661 P2d 556, *rev den* 295 Or 297 (1983).

" '(1)   In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

" '(2)   Notwithstanding the provisions of sections 2 and 5 of this Act:

" '(a)   The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

" '(* * * * *

" '(c)   The board shall not release a prisoner on parole who has been sentenced under the provisions of chapter ____, Oregon Laws 1977 (Enrolled House Bill 3041), before the expiration of the minimum term of imprisonment imposed under chapter ____, Oregon Laws 1977 (Enrolled House Bill 3041).' *See* Or Laws 1977, ch 372, § 4.

"If ORS 161.610 had been enacted in 1977, at the same time as ORS 144.110, instead of two years later, the statutes would have, by express provision, operated together." 52 Or App at 994 n 9.

■■   Even though ORS 161.610 was not passed until 1979, we do not believe that the legislature intended to extend the period of minimum sentence authorized under ORS 144.110 but did intend to remove *any* discretion or early release whenever a firearm is used, or its use is threatened, during the commission of a felony. *State v. Warner, supra,* 52 Or App at 992. This legislative purpose is fulfilled by concurrent minimum sentences pursuant to ORS 144.110 and 161.610 but is exceeded by imposing consecutive minimum sentences. We conclude that the legislature intended ORS 161.610 and 144.110 to operate together when used together, and we therefore modify the minimum sentences imposed on defendant pursuant to these statutes to run concurrently. ORS 138.240.

■   In his second assignment of error, defendant claims that the minimum sentences imposed on the robbery count violate Article I, section 16, of the Oregon Constitution, the Eighth Amendment to the U.S. Constitution and ORS 161.025. Citing *State v. Macy,* 295 Or 738, 671 P2d 92 (1983), defendant argues that, if minimum terms cannot be imposed

for the crime of murder, it follows that any minimum term for a less serious offense would be disproportionate. This argument was rejected by the Supreme Court in *State v. Turner,* 296 Or 451, 676 P2d 873 (1984). Within the limits of concurrent minimums discussed in the first assignment of error, the trial court did not err when it imposed the mandatory minimum sentences on defendant.

The judgment imposing a five-year mandatory minimum term on Count I pursuant to ORS 161.610 and a ten-year mandatory minimum term pursuant to ORS 144.110(1) is modified to provide that the minimum terms run concurrently; affirmed in all other respects.