Submitted on record and briefs January 29; case no. A40242 affirmed; case no. A40993 remanded to clarify judgment and otherwise affirmed; case no. A40992 convictions affirmed and remanded for resentencing April 8, reconsideration denied April 24, petition for review denied June 2, 1987 (303 Or 483)
Reconsideration on attorney fees denied June 19, petition for review on attorney fees denied July 8, 1987 (303 Or 591)

## STATE OF OREGON,
*Respondent,*

*v.*

## RAYMOND GARY STELLJES,
*Appellant.*

(86-21, 86-202, 86-203;
CA A40242 (Control), A40992, A40993)
(Cases Consolidated)

735 P2d 24

Raymond .G. Stelljes, Salem, filed the brief *pro se* for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Jens Schmidt, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant appeals his convictions and sentences in three criminal cases[1] which, although they involve different issues, have been consolidated for appeal.[2]

At defendant's first trial, he was convicted by a jury for being an ex-convict in possession of a firearm with threatened use, ORS 166.270(1); ORS 161.610, and menacing. ORS 163.190. The trial court merged the convictions for sentencing and sentenced defendant to five years in prison and, pursuant to ORS 161.610, imposed a five-year mandatory minimum for threatening to use a firearm during the commission of a felony. Defendant contends that the trial court erred in imposing a mandatory minimum longer than authorized by ORS 144.110(1), which provides that "the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes."

We disagree. With the limited exception provided in subsection (5), ORS 161.610[3] *requires* that the court impose a

---

[1] Defendant was convicted, respectively, of crimes committed on December 4, 1985, January 14, 1986, and January 27, 1986.

[2] We discuss only those assignments of error that were preserved for appeal or otherwise merit discussion.

[3] ORS 161.610 provides:

"(1) As used in this section, 'firearm' means a weapon which is designed to expel a projectile by the action of black powder or smokeless powder.

"(2) The use or threatened use of a firearm, whether operable or inoperable, by a defendant during the commission of a felony may be pleaded in the accusatory instrument and proved at trial as an element in aggravation of the crime as provided in this section. When a crime is so pleaded, the aggravated nature of the crime may be indicated by adding the words 'with a firearm' to the title of the offense. The unaggravated crime shall be considered a lesser included offense.

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(2), if a defendant is convicted of a felony having as an element the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served, nor shall the execution of the sentence imposed upon such person be suspended by the court.

"(4) The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime

designated minimum term of imprisonment if the defendant used or threatened to use a firearm during the commission of a felony. *State v. Wedge,* 293 Or 598, 604, 652 P2d 773 (1982). As we said in *State v. Warner,* 52 Or App 987, 993, 630 P2d 385, *rev den* 291 Or 662 (1981), ORS 161.610 expresses a legislative judgment that persons who use or threaten to use guns while committing felonies "should serve a certain amount of time in jail, period." Nothing in the statute's legislative history suggests that the minimum term that *must* be imposed under ORS 161.610 is somehow limited in duration to that of the minimum term that *may* be imposed under ORS 144.110.[4] In short, the trial court lacked authority to impose a lesser minimum term than that mandated by ORS 161.610. Accordingly, we conclude that the trial court did not err in imposing a five-year minimum term.

At defendant's second trial, he was convicted by a jury of, among other crimes, felony driving while suspended and felony driving while revoked. Defendant contends, and the state concedes, that the trial court's judgment should be clarified to reflect a single conviction for either driving while suspended or revoked. ORS 811.175.

At defendant's third trial, he was convicted by a jury of, among other crimes, unlawfully attempting to use a dangerous weapon, ORS 166.220, being an ex-convict in possession of a firearm with threatened use, and pointing a firearm at another. ORS 166.190. He was sentenced to five years in

---

shall be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, ten years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.

"(5) If it is the first time that the defendant is subject to punishment under this section, the court may suspend the execution of the sentence otherwise required under paragraph (a) of subsection (4) of this section, or impose a lesser term of imprisonment, when the court expressly finds mitigating circumstances justifying such lesser sentence and sets forth those circumstances in its statement on sentencing."

[4] This case is distinguishable from *State v. Walker,* 68 Or App 561, 683 P2d 1006 (1984), in which we held that the court must consider the mandatory minimum sentence imposed under ORS 161.610 in its discretionary imposition of a minimum sentence under ORS 144.110.

jail, with separate five-year minimums imposed pursuant to ORS 161.610 for each of the two felony convictions and one year in jail for pointing a firearm at another. The sentences are to run concurrently with one another and to those imposed for his convictions at his second trial, but consecutively to those imposed for his convictions at his first trial.

Defendant contends, and the state concedes, that the trial court erred in imposing mandatory minimums under ORS 161.610, because defendant had not been punished for the crime for which he received his first minimum term under ORS 161.610, when he committed the crimes for which the second and third minimum terms were imposed. *See State v. Wells,* 82 Or App 283, 728 P2d 533 (1986). The state also concedes that the trial court erred in sentencing defendant to more than six months in jail for pointing a firearm at another. *See* ORS 166.190. Accordingly, we remand the third case to the trial court for resentencing.

Case number A40242 affirmed; case number A40993 remanded to clarify judgment and otherwise affirmed; case number A40992 convictions affirmed and remanded for resentencing.