Argued and submitted May 22, affirmed November 18, 1987

TIMOTHY WATTS,
*Appellant,*

*v.*

MAASS,
*Respondent.*

(86-C-11563; CA A42291)

746 P2d 220

Velda H. Rogers, Keizer, argued the cause and filed the brief for appellant.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Appellant appeals the dismissal of his petition for a writ of habeas corpus by a judgment on the pleadings. We affirm.

Appellant was convicted on two charges of Robbery I and was sentenced to 20 years on each charge, with two ten-year minimum sentences to run consecutively. He contends that the minimum sentences, imposed under ORS 144.110,[1] should be reduced by statutory good time pursuant to ORS 421.120.[2] He argues that his minimums should be reduced in the same way that a minimum sentence can be reduced for good time pursuant to ORS 161.610, which provides an enhanced penalty for use of a firearm in the commission of a felony. It also provides, in relevant part:

"(3) * * * Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, *less a period of time equivalent to any reduction of imprisonment granted for good time served,* nor shall the execution of the sentence imposed upon such person be suspended by the court." (Emphasis supplied.)

A sentence under ORS 161.610 sets the earliest time at which the Board of Parole can release an inmate on parole. *Smith v. Board of Parole,* 297 Or 184, 683 P2d 998 (1984). The statute states that good time shall be deducted from the mandatory minimum term. On the other hand, ORS 144.120 requires that an inmate serve at least the minimum term imposed, unless four members of the Board of Parole vote to

---

[1] ORS 144.110 provides, in part:

"(1) In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2) Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a) The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board."

[2] ORS 421.120 provides, in pertinent part:

"(1) Each inmate confined in execution of the judgment of sentence upon any conviction in the penal or correctional institution, for any term other than life, and whose record of conduct shows that the inmate faithfully has observed the rules of the institution, shall be entitled to a deduction from the term of sentence * * *."

override the minimum and set an earlier parole release date or unless it is the first time that the defendant is subject to punishment under that section. ORS 161.610(5).

The distinctions between minimum sentences imposed under ORS 161.610 and ORS 144.110 were explained in *State v. Warner,* 52 Or App 987, 630 P2d 385, *rev den* 291 Or 662 (1981):

> "As we view them, the statutes have different effects and rationales: ORS 161.610 expresses a legislative judgment that persons who commit felonies while armed with guns should serve a certain amount of time in jail, period. With the single exception [of first offenses] already discussed, the legislature permits no participation by the trial judge or Parole Board in this decision. This is, in fact, a legislative sentence. ORS 144.110, by contrast, is a direction from the legislature to the courts and Parole Board to use their discretion and judgment in sizing up every felon and to commit those found to be especially dangerous to periods of incarceration proportionate to that characteristic." 52 Or App at 993.

The language of ORS 161.610(4) shows that the legislature clearly intended that good time be deducted from a minimum sentence imposed pursuant to ORS 161.610. The legislature did not indicate in any way that good time should be deducted from a minimum sentence imposed under ORS 144.110, because it did not intend that to happen. We will not read it into the statute.

Appellant's equal protection claim is without merit.

Affirmed.