Argued and submitted December 17, 1987, affirmed February 10, 1988

KOCH,
*Appellant,*

*v.*

CITY OF PORTLAND et al,
*Respondents.*

(A8612-07954; CA A43106)

749 P2d 1199

Douglas G. Pickett, Portland, argued the cause for appellant. With him on the briefs was Niehaus, Hanna, Murphy, Green, Osaka & Dunn, Portland.

Michael W. Mosman, Portland, argued the cause for respondents. With him on the brief were Clifford N. Carlsen, Jr. and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals a judgment denying the relief that he requested in this declaratory judgment action against the City of Portland and Clark, mayor of the city. In addition, he appeals the denial of his request for a writ of mandamus. We affirm.

Plaintiff was an employe in the city's Bureau of Police (Bureau) for approximately 17 years in the classified civil service. Throughout his employment, plaintiff participated in Portland's Fire and Police Disability, Retirement and Death Benefit Plan (Plan). Participants in the plan are not entitled to a retirement pension until they have participated for at least 20 years.

On November 4, 1986, plaintiff was elected to the Portland City Council. Under the Portland City Charter, § 4-101, elected officials are not classified civil service employes. Plaintiff was to take office in January, 1987, which would terminate his employment with the Bureau and cut off his benefits under the plan unless he was granted a leave of absence. Plaintiff requested that he be granted a leave without pay from the Bureau while he served on the city council. A leave of absence would preserve his civil service status and his right to receive retirement benefits if he were later to return to the Bureau and complete the required service.

Clark denied plaintiff's request on December 10, 1986, relying primarily on policy considerations.[1] On December 24, 1986, the chief of police notified plaintiff that, upon his being sworn in as a council member, he would be considered as having resigned from the Bureau. In response, plaintiff filed this claim, alleging that Clark was required to grant the leave.

When leaves of absence may be granted is specifically addressed by Portland City Code. Section 4.24.010 provides:

"Except as otherwise provided in this chapter or by ordinance, no person holding a position in the classified Civil

---

[1] In a letter to plaintiff dated December 10, 1986, Clark outlined his concerns regarding a possible conflict of interest if plaintiff were to maintain his status as an employe of the Bureau while serving on the city council. He also expressed concern about the precedent that permitting the leave would set for other officers wanting to try another career.

Service of the City shall be granted a leave of absence for the purpose of engaging in any other employment. A person in the classified Civil Service who is appointed to a position excluded from the classified Civil Service under Section 4-101 of the Charter shall be considered on approved leave of absence while serving in the excluded position."

That section prohibits granting leaves of absence to employes who leave to take other employment, with the exception of persons appointed to a position excluded from the classified civil service and as "otherwise provided." Although plaintiff's new position is outside the classified civil service, he was elected, not appointed. Consequently, that exception is of no application to him. Neither is the "except as otherwise provided" language of PCC § 4.24.010. We read that provision to refer to other code sections specifically dealing with outside employment. The only provision which falls in that catagory is § 4.24.170, which allows for automatic leaves of absence for city employes who transfer to employment with Multnomah County.

That section was added to the code at the same time as the "except as otherwise provided" language. Ordinance No. 134614.[2] Both were added to address a specific problem.

---

[2] Ordinance No. 134614 provides, in part:

"The City of Portland ordains:

"Section 1. The Council finds that it is in the public interest to grant automatic leaves of absence to City employes who are transferred to Multnomah County, in order that their status in City service will be preserved if they transfer back to the City; that state law does not provide this employe protection; and that automatic leaves of absence should be granted to City employes transferred to Multnomah County by the amendments hereinafter set forth; now, therefore, Section 4.24.010 of the Code of the City of Portland, Oregon, hereby is amended to read as follows:

"4.24.010 ACCEPTING OUTSIDE EMPLOYMENT.

*"Except as otherwise provided in this chapter or by ordinance,* no person holding any office, place or employment in the classified civil service of the city shall be granted a leave of absence for the purpose of engaging in any other employment.

"Section 2. Chapter 4.24 of said Code hereby is amended by adding thereto a new section to be numbered, entitled and to read as follows:

"4.24.170 EMPLOYES TRANSFERRED TO MULTNOMAH COUNTY.

"(a) A city employe who is transferred to Multnomah County with consent of the Council shall be considered on automatic leave of absence from city service for a period of five years from the date of transfer, unless he first returns to city service or otherwise ceases to be a county employe."

The city council has not added any other code sections specifically addressing leaves of absence to accept other employment.

Plaintiff, however, argues that § 4.24.020 requires Clark to grant leaves of absence when "good cause" is shown. That section provides:

> "Each commissioner and Auditor for his office is authorized to grant leaves of absence to subordinate officers or employees in his department who are under the classified Civil Service, upon good cause being shown. Any leave of absence without pay for more than 30 days because of sickness or injury shall be granted only upon approval of an application in writing for such leave, supported by a statement from the attending physician or practitioner."

That section deals generally with leaves of absence, which may be sought for personal, medical or educational reasons. Ordinance No. 143298. Section 4.24.010, on the other hand, specifically prohibits leaves of absence for the purpose of accepting other employment. It is more specific, and it controls. *See State v. Warner,* 52 Or App 987, 992, 630 P2d 385, *rev den* 291 Or 662 (1981), *(citing Davis v. Wasco IED,* 286 Or 261, 272, 593 P2d 1152 (1979)); *see also Thompson v. IDS Life Insurance Company,* 274 Or 649, 656, 549 P2d 510 (1976).

Granting leaves of absence for the purpose of allowing an acceptance of other employment is prohibited except as provided in § 4.24.010 and § 4.24.170. Because we conclude that Clark had no authority to grant the requested leave, we need not address plaintiff's remaining contentions.

Affirmed.