Argued and submitted February 17, affirmed March 9, 1988

## RICHARD EARL WALLACE,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(86C-11946; CA A45821)

750 P2d 1210

George E. Price, Salem, argued the cause and filed the brief for appellant.

Clyde E. Sniffen, Jr., Certified Law Student, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Margaret E. Rabin, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

In this post-conviction proceeding, petitioner claims that the sentencing court violated the law in sentencing him. We affirm the post-conviction court's denial of relief.

Petitioner was convicted of third degree assault, a Class C felony. ORS 163.165. He was sentenced to five years imprisonment, the maximum term for the offense. ORS 161.605(3). The sentencing court also found that defendant had threatened the use of a firearm during the commission of the crime and imposed a five-year "gun minimum," pursuant to ORS 161.610. To prevail, petitioner must show that his "sentence [is] in excess of, or otherwise not in accordance with, the sentence authorized by law * * *." ORS 138.530(1)(c). He relies on ORS 137.120(1), which provides:

> "(1) Whenever any person is convicted of a felony, the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Corrections Division, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence. The court shall state on the record the reasons for the sentence imposed."

The sole issue is whether the sentence imposed by the trial court violates the statute.

Petitioner focuses on the requirement that the sentencing court only impose an "indeterminate" sentence, i.e., one that allows the actual term of incarceration to be adjusted according to the prisoner's behavior or degree of rehabilitation. He argues that the imposition of a minimum term which equals the maximum term is "determinate" and, therefore, violates the statute.

This is the first time that we have addressed this precise issue.[1] ORS 161.610 requires the court to impose a

---

[1] We have upheld the imposition of a five-year gun minimum on a five-year maximum sentence in the face of a different argument. In *State v. Stelljes,* 84 Or App 637, 735 P2d 24 (1987), the defendant was convicted of being an ex-convict in possession of a firearm, a Class C felony. The trial court sentenced him to five years in prison,

designated minimum term whenever the defendant has used or has threatened to use a firearm during the commission of a felony.[2] Here, the trial court properly found that petitioner had threatened the use of a firearm during the commission of the underlying felony, and he followed the mandate of the statute in imposing the minimum sentence. The trial court lacked authority to do anything different. There was no error.

Affirmed.

---

the maximum term for the commission of a Class C felony, and, pursuant to ORS 161.610, imposed a five-year mandatory minimum for threatening to use a firearm during the commission of a felony. 84 Or App at 639. The defendant attacked the sentence, relying on ORS 144.110(1), which provides that "the court may impose a minimum term of imprisonment for up to one-half of the sentence it imposes." We rejected the defendant's argument, stating:

"With the limited exception provided in subsection (5), ORS 161.610 *requires* that the court impose a designated minimum term of imprisonment if the defendant used or threatened to use a firearm during the commission of a felony. *State v. Wedge,* 293 Or 598, 604, 652 P2d 773 (1982). As we said in *State v. Warner,* 52 Or App 987, 993, 630 P2d 385, *rev den* 291 Or 662 (1981), ORS 161.610 expresses a legislative judgment that persons who use or threaten to use guns while committing felonies 'should serve a certain amount of time in jail, period.' Nothing in the statute's legislative history suggests that the minimum term that *must* be imposed under ORS 161.610 is somehow limited in duration to that of the minimum term that *may* be imposed under ORS 144.110. In short, the trial court lacked authority to impose a lesser minimum term than that mandated by ORS 161.610. Accordingly, we conclude that the trial court did not err in imposing a five-year minimum term." 84 Or App at 639-40. (Emphasis in original.)

[2] ORS 161.610 provides, in pertinent part:

"(3) Notwithstanding the provisions of ORS 161.605 or 137.010(2), if a defendant is convicted of a felony having as an element of the defendant's use or threatened use of a firearm during the commission of the crime, the court shall impose at least the minimum term of imprisonment as provided in subsection (4) of this section. Except as provided in subsection (5) of this section, in no case shall any person punishable under this section become eligible for work release, parole, temporary leave or terminal leave until the minimum term of imprisonment is served, less a period of time equivalent to any reduction of imprisonment granted for good time served, nor shall the execution of a sentence imposed upon such person be suspended by the court.

"(4) The minimum terms of imprisonment for felonies having as an element of the defendant's use or threatened use of a firearm in the commission of the crime be as follows:

"(a) Except as provided in subsection (5) of this section, upon the first conviction for such felony, five years."