Argued and submitted September 29, affirmed December 13, 1989, reconsideration
denied February 23, petition for review denied March 27, 1990 (309 Or 522)

## STATE OF OREGON,
*Respondent,*

*v.*

## JOSEPH ARTHUR GUAYANTE,
*Appellant.*

(10-88-04449; CA A49646)

783 P2d 1030

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General; and Virginia L. Linder, Solicitor General, Salem.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

■    Defendant appeals his convictions on one count of sexual abuse and two counts each of attempted rape and sodomy. ORS 163.415; ORS 163.365; ORS 163.395. He assigns error to the trial court's failure to merge, *sua sponte,* the sexual abuse conviction into the attempted rape and sodomy convictions and, also, to the imposition of consecutive sentences. We affirm.

We will usually not consider an error that was not preserved in the trial court. ORAP 7.19(5); *State v. Kessler,* 289 Or 359, 371 n 17, 614 P2d 94 (1980). Defendant urges us to consider the merger issue despite his failure to raise it at the sentencing hearing, claiming that the court's failure to consider it was egregious error apparent on the face of the record. *State v. Walker,* 68 Or App 561, 683 P2d 1006 (1984). We disagree. Consequently, we decline to address it.

■    Defendant's second assignment presents a case of first impression. The issue is whether placing a sexual assault victim at risk of contracting Acquired Immune Deficiency Syndrome (AIDS) is an aggravating factor that the trial court may appropriately consider in imposing maximum consecutive sentences. We hold that it is.

Defendant was charged with nine sexual offenses, all involving the same victim, a girl age 13. The offenses occurred during three separate incidents on three consecutive days. Pursuant to a plea agreement, he pled guilty to the charges giving rise to the appeal.

The court sentenced defendant to one year on the sexual abuse conviction to be served concurrently with 10 years on the first sodomy count, followed by five years for the first attempted rape, followed by 10 years on the second sodomy count, followed by five years for the second attempted rape—a total of 30 years.

Before imposing sentence, the trial judge said:

"THE COURT:   Let me ask you, do you have AIDS?

"[DEFENDANT]:   Yes, I do.

"THE COURT:   Did you know it when you were doing it with this little girl?

"[DEFENDANT]:   Yes, I did.

"'\* \* \* \* \*

"THE COURT:   \* \* \* You know that you carry in your body one of the most deadly and dangerous diseases to hit the earth since the 13th Century.

"This is a crime that approaches attempted murder, whether or not you were charged with it. It's about the—the most reprehensible behavior I can imagine, to put an innocent girl, someone who is legally incapable of consenting, in danger of her life, in a circumstance in which she could have a prolonged illness and suffer for years, and die one of the most horrible deaths possible.

"The Court takes notice of the AIDS epidemic. The Court takes notice of the way people are dying of AIDS. The Court has known a couple of individuals who have died of AIDS, and has observed them during their decline. It's horrible, and you've done something terrible, and *you're going to the penitentiary for a substantial period of time as a result of your actions.*" (Emphasis supplied.)

Defendant contends that the trial court erred, because it impermissibly considered an improper aggravating factor in imposing consecutive sentences. In support of his contention, defendant argues that the court acted without statutory authority by imposing disproportionately harsh sentences as punishment for his "status" as an AIDS virus carrier, thereby violating the prohibitions against vindictive or cruel and unusual punishment contained in Article I, sections 15 and 16, of the Oregon Constitution.

The trial court did not impose the sentences because defendant *has* AIDS. Rather, the colloquy makes clear that the aggravating factor that the court weighed was defendant's knowledge that he had a sexually transmitted disease when he committed the crimes and his willingness nonetheless to expose the 13-year old victim to an incurable fatal disease.

A court has broad powers and discretion in the imposition of sentence and in weighing aggravating and mitigating circumstances.[1] Under the circumstances, the trial

---

[1] ORS 137.090 provides, in pertinent part:

"The circumstances which are alleged to justify aggravation or mitigation of the punishment shall be presented \* \* \* in open court \* \* \*. The court may consider the report of presentence investigation conducted by probation officers pursuant to ORS 137.530 or any other person designated by the court."

court did not abuse its discretion, and defendant's sentence was not unconstitutional.[2]

Affirmed.

---

[2] Defendant cites no authority that would cause this case to be decided differently under the United States Constitution. Defendant's federal and state equal protection challenges are outside the scope of review under ORS 138.050:

"On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual."

See State v. Bateman, 95 Or App 456, 771 P2d 314, rev den 308 Or 197 (1989).