Argued and submitted September 20, modified November 9, 1983, reconsiderations denied February 24, appellant's petition for review denied March 20 (296 Or 638), respondent's petition for review allowed March 20, 1984 (296 Or 638)
See 297 Or 460, 686 P2d 345 (1984)

# STATE OF OREGON,
*Respondent,*

*v.*

# STEPHEN MICHAEL KESSLER,
*Appellant.*

## (C-82-07-36517; CA A27111)

671 P2d 749

Helen I. Bloch, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave

Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Terry A. Leggert, Special Assistant Attorney General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

In this criminal proceeding, defendant appeals kidnapping convictions stemming from his escape from the Rocky Butte Jail. The only issue we address is whether the trial court should have merged the convictions for sentencing purposes. We hold that it should have done so.

On July 25, 1982, six inmates, including defendant, escaped from Rocky Butte Jail. During the course of the escape, four lay ministers were brought to an area controlled by the escapees, made to disrobe and were then placed in a cell. Following that, defendant pointed a gun at two correctional officers and forced them to escort the inmate group to the jail control center. Defendant then escaped.

Defendant pled guilty to, among other charges, four counts of second degree kidnapping for the episode involving the lay ministers and two counts of first degree kidnapping for the episode involving the correctional officers. The trial court imposed four 10-year maximum sentences for the second degree kidnapping convictions, each with a 5-year minimum sentence, and one 20-year maximum sentence, with a 10-year minimum and one 10-year maximum sentence with a 5-year minimum for the first degree kidnapping convictions, all to be served consecutively.

When a defendant has been convicted of multiple counts of the same crime stemming from a single criminal episode, separate sentences cannot be imposed unless it can be shown that the legislature intended separate sentences. *State v. Linthwaite*, 295 Or 162, 665 P2d 863 (1983). No such legislative intent has been established in this case.[1] Therefore, the four second degree kidnapping convictions should have been merged into one sentence, and the two first degree kidnapping convictions should have been merged into one sentence.[2]

---

[1] We feel compelled to this result by *Linthwaite*, but wish to note in the strongest possible terms our disagreement with the rule we feel forced to follow. This defendant threatened the *lives* of these people. Whatever view the Supreme Court may take of the matter, we do not require some separate, express legislative intent that there be as many sentences as victims. For our part, the legislature's forbidding of the acts in question suffices. The law we follow ought not to be the law.

[2] *Linthwaite* does not require merging the sentence for the first degree kidnapping with the sentence for the second degree kidnapping, because those were different crimes with different elements of proof.

We need not remand this case for resentencing. On the basis of our authority under Or Const, Art VII, § 3, we modify the judgment of the trial court by merging the four second degree kidnapping sentences into one 10 year maximum, with a 5-year minimum sentence, and by merging the two first degree kidnapping sentences into one 20 year maximum, with 10-year minimum sentence. The sentences are to run consecutively to each other and the other sentences imposed by the trial court. The judgment is affirmed as modified.