Argued and submitted January 23, remanded for resentencing June 13, reconsideration denied August 17, petition for review allowed September 5, 1984 (297 Or 781) See 298 Or 616, 695 P2d 569 (1985)

STATE OF OREGON,
*Respondent,*

*v.*

JUDE SOMERSET HARDESTY,
*Appellant.*

(C83-01-30043; CA A29048)

682 P2d 824

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Roy Pulvers, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

JOSEPH, C. J.

Richardson, P. J., dissenting.

## JOSEPH, C. J.

Defendant appeals from a conviction on two counts of robbery in the first degree and one count of rape in the first degree. He seeks modification of the sentences imposed. We remand for resentencing.

Defendant was originally charged in a six count indictment. After plea negotiations, he was found guilty on the three counts in a stipulated facts trial. The trial court sentenced him to 20 years for each conviction and imposed a mandatory minimum sentence of five years on each, pursuant to ORS 161.610. The court ordered both robbery sentences to be served concurrently but consecutive to the rape sentence. He would have to serve at least 10 years before being eligible for parole.

ORS 161.610(5) provides:

"(5) The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, *upon the first conviction for such felony,* five years.

"(b) *Upon conviction for such felony committed after punishment pursuant to paragraph (a)* of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years." (Emphasis supplied.)

Defendant argues that the trial court erred in imposing multiple minimum sentences.[1] He submits that the statute allows only one five-year minimum sentence when a defendant is convicted of more than one felony during the course of a "single criminal episode."[2] He argues that the statute should

---

[1] Defendant's trial counsel urged the trial court to impose three concurrent 20-year sentences with three five-year minimums, which would have resulted in one five-year minimum term to be served before parole eligibility. On appeal the state does not argue that the issue now argued was not raised below.

[2] ORS 131.505(4) provides:

"(4) 'Criminal episode' means continuous and uninterrupted conduct that establishes at least one offense and is so joined in time, place and circumstances that such conduct is directed to the accomplishment of a single criminal objective."

be so interpreted, even though it speaks in terms of felony convictions rather than criminal episodes. He concedes that there is no legislative history to support his proposed reading of the statute.

Defendant does not argue that his convictions should have been "merged" for sentencing purposes, because this is not a "merger" case within the meaning of *State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983); *State v. Cloutier, supra,* n 2; or *State v. Kessler,* 65 Or App 380, 671 P2d 749 (1983), *rev allowed* 296 Or 638 (1984). The narrow issue is whether ORS 161.610 authorizes imposition of multiple minimum consecutive sentences on a defendant who is convicted of several felonies committed while using a firearm during the course of one criminal transaction.

A statute should be interpreted so that its application is consistent with the legislature's intent. *State v. Linthwaite, supra,* 295 Or at 177. In construing ORS 161.610 we look first to the plain meaning of its words. ORS 161.610(5) prescribes minimum terms of imprisonment for *convictions* of felonies in which the defendant has used a firearm. ORS 161.610(5)(a), under which defendant was sentenced, provides for a five-year minimum term of imprisonment "upon the first conviction for such felony * * *." The legislature did not expressly limit the imposition of a minimum sentence to only one conviction when multiple convictions arise out of a single criminal transaction. As a pure matter of fact, defendant can be said to have been convicted simultaneously for three first offenses while armed, but we do not believe that the legislature intended "first conviction" to refer to multiple simultaneous convictions and to subject a defendant to an enhanced sentence for each conviction. Unfortunately, the only thing the legislative history suggests is that the legislature never thought of a situation like this one. Nonetheless, we conclude that it is more consonant with the "use a gun, serve a minimum term" policy of the statute to limit the imposition of

The term "criminal episode" has assumed a technical significance in "merger" cases, which we find unnecessary to discuss here. *See State v. Cloutier,* 286 Or 579, 595, 596 P2d 1278 (1979); *State v. Clifton,* 64 Or App 550, 669 P2d 353 (1983). To avoid further confusion we refer to defendant's total criminal conduct as a criminal transaction.

the enhanced punishment under ORS 161.610(5)(a) to the first sentence imposed in a multiple offense situation.[3]

Remanded for resentencing.[4]

**RICHARDSON, P. J.,** dissenting.

Defendant used a gun in the commission of two robberies and a rape. The court imposed consecutive five-year mandatory minimum terms of confinement on each charge pursuant to ORS 161.610(5). The majority holds that the trial court could lawfully impose only one minimum term for the series of crimes. I disagree and therefore dissent.

Although lurking in the background of the majority's reasoning there may be considerations of constitutional fairness and proportionality, there is no constitutional issue raised in this case. Resolution of the issue involves only a question of statutory construction. In approaching that task it is important to place the sentencing authority of the trial court in proper perspective.

As the majority observes, all three crimes were committed as part of a single criminal transaction. Also, as the majority correctly observes, the offenses are lawfully treated separately for sentencing, *i.e.*, they are not "mergeable" under the theory of *State v. Linthwaite,* 295 Or 162, 665 P2d 863 (1983), and *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979). Additionally, the court could lawfully order the underlying sentences to be served consecutively. The majority does not dispute these general sentencing propositions.

It is also important to understand the particular aspect of a sentence under ORS 161.610(5). In *State v. Wedge,* 293 Or 598, 652 P2d 773 (1982), the court held that whether a defendant used a gun in the commission of a felony is an element of the crime for purposes of sentencing under ORS 161.610(5) and that the defendant was entitled to a jury determination of that element. The court said that, although ORS 161.610(5) is usually denominated an enhanced penalty statute, in effect it creates a new crime for which a minimum

---

[3] The possible application of ORS 144.110 in this case is not before us.

[4] The dissent apparently deals with a different statute, even though it cites ORS 161.610(5)(a). Otherwise, there is no accounting for its failure to discuss (let alone quote) the language "upon the first conviction for such felony * * *."

term is required. If the elements are properly established for the purposes of ORS 161.610(5), the court is *required* to impose the minimum term for the crime, unless it finds mitigating circumstances under ORS 161.610(6). *State v. Warner,* 52 Or App 987, 630 P2d 385, *rev den* 291 Or 662 (1981).

Applying those general and specific principles to the facts of this case, the court was required to sentence defendant separately on each charge and to impose a minimum sentence on each charge.

The majority, after finding no specific guideline in the statute, concludes that separate minimum terms are not consonant with legislative policy. The legislative policy the majority finds is expressed in the term "use a gun, serve a minimum term." A more accurate rendition would be "commit a felony with a gun, serve a minimum part of the sentence imposed for that crime." The majority appears to conclude that if the legislature did not express a policy or think of a problem and offer a solution, the court is free to adopt a particular policy from an array of choices and mold the statute to fit that policy. Perhaps the majority's choice is supportable as a legislative act but not as a judicial act.

I do not agree with the majority that the legislature may not have contemplated the situation where separate sentences are lawfully imposed for a series of felonies involving the use of a gun. ORS 161.610(4) provides in part:

"Notwithstanding the provisions of ORS 161.605 or 137.010(2), if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of *the crime,* it *shall* impose at least the minimum term of imprisonment as provided in subsection (5) of this section. * * *" (Emphasis supplied.)

The minimum term becomes a required part of a sentence for *a crime* if the elements invoking ORS 161.610(4) are established. The statute expresses a legislative intent that, if a defendant commits a crime using a firearm, he will have to serve a minimum term for *that crime.* The words of the statute control the situation here at issue. There is no need for a judicial foray into the thicket of legislative policy.

The trial court may order that the separate sentences including the required minimums be served concurrently. That is a matter of discretion. The majority makes it a matter of law.

ORS 161.610(5)(b) and (c) are not involved in this issue. Those subsections provide for an increased minimum term for felonies committed with a firearm subsequent to conviction and punishment for a felony or felonies using a firearm. I agree with the majority that the appropriate minimum term for each felony in this series is five years. ORS 161.610(5)(a).

I would affirm the sentences imposed and therefore dissent.