Argued and submitted October 8, 1984, judgments affirmed, cases remanded to circuit court February 12, 1985

STATE OF OREGON,
*Petitioner on Review,*

*v.*

JUDE SOMERSET HARDESTY,
*Respondent on Review.*

(C 83-01-30043; CA A29048)

STATE OF OREGON,
*Petitioner on Review,*

*v.*

DONNIE BROWDER,
*Respondent on Review.*

(C 83-02-30852; CA A29206)
(SC S30984)

695 P2d 569

Philip Schradle, Assistant Attorney General, Salem, argued the cause for petitioner on review. On the briefs in *State v. Hardesty* were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Roy Pulvers, Assistant Attorney General, Salem. On the briefs in *State v. Browder* Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Stephen F. Peifer, Assistant Attorney General, Salem.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for respondents on review. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

PER CURIAM

## PER CURIAM

In a consolidated petition, the state seeks review of two decisions of the Court of Appeals interpreting the statutory provision for imposing minimum terms of imprisonment on persons who use or threaten to use a firearm in the commission of a felony.

The statute in question provides that when a defendant has used or threatened to use a firearm during the commission of a crime, the court shall impose at least a minimum term of imprisonment "as provided in subsection (5) of this section." ORS 161.610(4). Subsection (5) provides:

"(5) The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

The question is whether subsection (5)(a) allows multiple five-year minimum terms of imprisonment when a single trial results in convictions of more than one felony in which a firearm was used or threatened to be used.

In *State v. Hardesty,* defendant was convicted on two counts of robbery and one count of rape committed on a single occasion during which defendant was armed with a firearm. The trial court imposed a 20-year sentence with a five-year minimum term on each conviction, making the two concurrent robbery sentences consecutive to the sentence for rape. This resulted in a total ten-year minimum term of imprisonment based on the firearm element of the charges. In *State v. Browder,* the trial court imposed consecutive sentences for a kidnapping and robbery committed in the same episode, including consecutive five-year minimum terms under ORS 161.610(5)(a). The Court of Appeals in *State v. Hardesty,* 68 Or App 591, 682 P2d 824 (1984), held that the statute contemplates only one five-year minimum sentence for the

"first conviction" involving a firearm even when the defendant is simultaneously convicted of two or more felony charges. The court then applied its *Hardesty* ruling to order the same result in *State v. Browder,* 68 Or App 723, 683 P2d 558 (1984). We affirm the Court of Appeals essentially for the reasons stated by that court.

ORS 161.610(5) covers three categories of cases. Paragraph (a) expressly deals with the "first conviction" of a felony in which a firearm has been used or threatened to be used. Paragraph (b) provides a ten-year minimum sentence when such a felony is committed after a previous *punishment* under paragraph (a), and paragraph (c) again increases the minimum to 30 years for a similar conviction after a previous imprisonment pursuant to paragraph (b).

ORS 161.610(5)(a) applies to the "first conviction for such felony." "Such" refers to a felony involving the use or threat to use a firearm, not to the particular kind of underlying crime charged. There can only be one "first conviction." It therefore is immaterial whether "conviction" refers to a single event in a court, though it may dispose of several charges, or to conviction of the first of several charges; either way, subsection 5(a) provides only a single five-year minimum term for the "first conviction."

The Court of Appeals wrote:

> "As a pure matter of fact, defendant can be said to have been convicted simultaneously for three first offenses while armed, but we do not believe that the legislature intended 'first conviction' to refer to multiple simultaneous convictions and to subject a defendant to an enhanced sentence for each conviction."

*State v. Hardesty.* 68 Or App at 594, 682 P2d at 825. We agree. ORS 161.610(5)(a) says nothing about a second five-year minimum term for a "second first conviction."

The decision of the Court of Appeals is affirmed, and both cases are remanded to the circuit court for resentencing.