Argued and submitted August 29, resubmitted In Banc December 11, 1984, affirmed in part, remanded for resentencing March 27, 1985

### STATE OF OREGON,
*Respondent,*

*v.*

### STEVEN DALE HAYWOOD,
*Appellant.*

(83-04-31561, 83-05-32484; CA A30640 (Control), A30641)
(Cases Consolidated)

697 P2d 977

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

GILLETTE, J.

## GILLETTE, J.

■ In these consolidated criminal appeals, defendant asserts that his various sentences on charges of robbery, rape and kidnapping were excessive, cruel and unusual or that, in the alternative, the trial court lacked the authority to direct that certain of the sentences be served consecutively. As to the former claim, we find no error. *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978). As to the specific question of authority to impose consecutive sentences, we adhere to the often-stated view that circuit courts have such authority. *See State v. Jones,* 250 Or 59, 440 P2d 374 (1968).

One final point requires consideration. The state has raised an issue in its brief which we are compelled to address. The issue revolves around our recent decision in *State v. Hardesty,* 68 Or App 591, 682 P2d 824, (1984), *aff'd* 298 Or 616, 695 P2d 569 (1985), and involves the state's disagreement with our holding in that case,[1] in which we interpreted the provisions of ORS 161.610(5), dictating the imposition of a mandatory minimum sentence for persons convicted of a felony while using a firearm.[2]

In *Hardesty,* defendant was convicted on two counts of robbery in the first degree and one count of rape in the first degree. The trial court sentenced defendant to 20 years for each conviction and imposed a mandatory minimum sentence of five years on each conviction pursuant to ORS 161.610. The court ordered the mandatory minimum sentences for robbery

---

[1] The state asserts our holding in *Hardesty* to be

"that only one minimum sentence may indeed be imposed, pursuant to ORS 161.610, for the use of a firearm in the course of a felonious 'criminal transaction,' however many felonies, with however many criminal objectives, are committed in the course of the 'transaction.' "

[2] ORS 161.610(5) provides, in pertinent part:

"The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years.

to be served concurrently with each other but consecutively to a mandatory minimum for the rape conviction, resulting in a total minimum period of incarceration of 10 years. Defendant argued on appeal that ORS 161.610 allowed only one five-year minimum to be imposed when a defendant is convicted of more than one felony during the course of a "single criminal episode."

We limited our analysis in *Hardesty* to the narrow issue of "whether ORS 161.610 authorizes imposition of multiple minimum consecutive sentences on a defendant who is convicted of several felonies committed while using a firearm during the course of *one* criminal transaction." *State v. Hardesty, supra,* 68 Or App at 594. (Emphasis supplied.) In construing the language of ORS 161.610, we held that the legislature intended to limit the imposition of a mandatory minimum term to "the *first* sentence imposed in a multiple offense situation." *State v. Hardesty, supra,* 68 Or App at 594-95. (Emphasis supplied.)

■     The defendant in *Hardesty* was charged in a single indictment with multiple offenses arising from one criminal transaction, whereas here defendant was charged with multiple offenses arising from two distinct criminal transactions in two separate indictments. The language of *Hardesty* expressly limited the disposition of that case to the issue of whether multiple minimum consecutive sentences could be imposed on a defendant convicted of multiple felonies committed with a firearm during the course of *one* criminal transaction. The question here is whether a defendant who commits multiple felonies in separate situations but who is prosecuted in a single proceeding can receive only one mandatory minimum sentence under ORS 161.610(5).

We think the answer is yes. As the Supreme Court stated, in affirming our opinion in *Hardesty:*

> "ORS 161.605(5) applies to the 'first conviction for such felony.' 'Such' refers to a felony involving the use or threat to use a firearm, not to the particular kind of underlying crime charged. *There can be only one 'first conviction.'* It therefore is immaterial whether 'conviction' refers to a single event in a court, though it may dispose of several charges, or to conviction of the first of several charges; either way, subsection 5(a)

provides only a single five-year minimum term for the 'first conviction.' " 298 Or at 619. (Emphasis supplied.)

The only remaining question is whether, given our authority under Or Const, Art VII (Amended), § 3, we should modify these sentences ourselves. We think not.

ORS 161.610(5) is a mandatory sentencing statute requiring trial judges to impose certain sentences whenever felonies are committed using guns. At the time of sentencing in this case, the statute had not been construed on appeal. The trial judge interpreted it to require him to impose three mandatory sentences of five years each. Two of the sentences ran concurrently. Believing that defendant would have to serve at least 10 years before parole, the trial judge understandably did not consider other available sentencing options like ORS 144.610, which allows but does not require a judge to impose a minimum term of up to one-half of the sentence imposed. A 10-year minimum imposed under ORS 144.610 to run concurrently with the remaining five-year minimum under ORS 166.610(5)(a), would achieve virtually the same result as the original sentence. *See State v. Walker,* 68 Or App 561, 683 P2d 1006 (1984).

Sentencing is the exclusive function of the trial judge. He alone bears the ultimate responsibility for fashioning a sentence and for protecting the public. In the light of the Supreme Court's edict in *Hardesty,* it is now clear that the sentence this trial judge felt mandated to impose cannot stand. It may be, however, that the trial judge can now fashion a sentence, based on alternative authority, that will accomplish the same result. If the court wishes to do this, it should have the opportunity.

Judgments of conviction affirmed; remanded for resentencing.