On reconsideration filed July 26, 1984, resubmitted In Banc December 11, 1984, reconsideration allowed and former opinion (68 Or App 927, 683 P2d 170 (1984)) withdrawn, affirmed in part, remanded for resentencing March 27, reconsideration denied April 26, petition for review denied May 21, 1985 (299 Or 203)

## STATE OF OREGON,
*Respondent,*

*v.*

## BENNIE ROGER JACK,
*Appellant.*

(138,239, 138,240, 138,241;
CA A29977 (Control), A29978, A29979)
(Cases Consolidated)

697 P2d 980

Gary D. Babcock, Public Defender, and Helen I. Bloch, Salem, for petition.

Dave Frohnmayer, Attorney General, James E. Mountain,

Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, contra.

GILLETTE, J.

## GILLETTE, J.

Defendant petitions the Supreme Court for review of this court's decision in *State v. Jack,* 68 Or App 927, 683 P2d 170 (1984), in which we affirmed from the bench defendant's convictions for attempted murder and ex-convict in possession of a firearm. We treat the petition as one for reconsideration. ORAP Rule 10.10. We grant the petition and remand for resentencing.

■ Defendant was convicted of shooting two fellow Willamette University students in the dormitory room of one of the victims. The motive was jealousy. The crimes unquestionably occurred during a single criminal transaction. The trial court, in addition to imposing dangerous offender sentences as to each attempted homicide,[1] imposed minimum five-year sentences on each attempted murder conviction because the crimes were committed with a firearm. ORS 161.610(5). Defendant appealed, assigning as error certain matters not involved in this petition for review. We affirmed from the bench. This petition ensued.[2]

■ Defendant argues that the two five-year minimum sentences for use of a firearm were impermissible because the crimes involved in this case occurred during a single criminal transaction. Defendant is correct. The case must be remanded for resentencing. *State v. Hardesty, 68 Or App 591, 682 P2d 824 (1984),* aff'd 298 Or 616, 695 P2d 569 (1985); *see also State v. Haywood, supra,* n 2.

Petition for reconsideration granted; former opinion withdrawn; judgments of conviction affirmed; remanded for resentencing.

---

[1] Defendant's further conviction for being an ex-convict in possession for a firearm is not involved in this petition for reconsideration.

[2] Defendant did not raise the specific issue he now argues in his petition for review/reconsideration in either the trial court or this court. Obviously, we could ignore the matter now. We choose not to do so, however, because (a) the case on which defendant now relies was decided after his trial and virtually contemporaneously with our original decision in this case (b) the sentences in question are clearly erroneous and (c) we are today addressing a similar issue, for which we held this petition. *See State v. Haywood,* 73 Or App 6, 697 P2d 977 (1985); *see also State v. Willy,* 36 Or App 853, 585 P2d 762 (1978).