On appellant's reconsideration filed April 24, reconsideration allowed, former opinion (72 Or App 784, 697 P2d 577) affirmed as modified July 10, petition for review denied September 17, 1985 (300 Or 64)

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD WAYNE SHERMAN,
*Appellant.*

(C83-12-36046; CA A32566)

702 P2d 1155

Gary D. Babcock, Public Defender, and Stephen J. Williams, Deputy Public Defender, Salem, for petition.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant in this criminal case seeks Supreme Court review of our affirmance of his convictions for robbery and kidnapping, both in the first degree. We treat the petition as one for reconsideration. ORAP 10.10. We allow the petition and modify our former opinion.

A recitation of the facts would not benefit bench or bar. Defendant argues in his petition:

> "Defendant was found guilty of robbery in the first degree and kidnapping in the first degree after a stipulated facts trial. The court imposed consecutive sentences including two five-year minimum terms pursuant to ORS 161.610. Trial counsel objected to the imposition of multiple minimum terms under that statute. This court's decision in *State v. Hardesty,* 298 Or 616, [695] P2d [569] (1985) requires that one of the five-year minimum terms be vacated. The relevant portion of the *Hardesty* opinion is as follows:
>
> > " 'ORS 161.610(5)(a) applies to the "first conviction for such felony." "Such" refers to a felony involving the use of *[sic]* threat to use a firearm, not to the particular kind of underlying crime charged. There can only be one "first conviction." It therefore is immaterial whether "conviction" refers to a single event in a court, though it may dispose of several charges, or to conviction of the first of several charges; either way, subsection 5(a) provides only a single five-year minimum term for the "first conviction."
> >
> > " 'The Court of Appeals wrote:
> >
> > > "As a pure matter of fact, defendant can be said to have been convicted simultaneously for three first offenses while armed, but we do not believe that the legislature intended 'first conviction' to refer to multiple simultaneous convictions and to subject a defendant to an enhanced sentence for each conviction."
> >
> > " '*State v. Hardesty,* 68 Or App at 594, 682 P2d at 825. We agree. ORS 161.610(5)(a) says nothing about a second five-year minimum term for a "second first conviction." ' 298 Or at 619."

We agree with defendant's argument. Accordingly, pursuant to our authority under Or Const, Art VII (Amended), § 3, we modify defendant's sentence by deleting

the minimum five-year term imposed on the conviction for kidnapping. In all other respects, the judgment is affirmed.

Petition for reconsideration allowed; minimum sentence for kidnapping pursuant to ORS 161.610 deleted; otherwise affirmed.