Argued and submitted August 9, conviction affirmed, sentence modified
September 25, 1985

STATE OF OREGON,
*Respondent,*

*v.*

ERIC WILLIAM PAKULAK,
*Appellant.*

(84-0614; CA A34495)

706 P2d 595

J. Marvin Kuhn, Chief Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In a multiple count indictment, defendant was charged with two counts of robbery in the first degree, ORS 164.415, and separate counts of burglary in the first degree, ORS 164.225, kidnapping in the first degree, ORS 163.235, kidnapping in the second degree, ORS 163.225, and theft in the first degree. ORS 164.055. He was found guilty by jury verdict on all counts.

At sentencing, the trial court merged the second count of robbery in the first degree and the counts of burglary in the first degree and theft in the first degree with the first count of robbery in the first degree and sentenced defendant to 15 years for the crime of robbery in the first degree. The court also merged the count of kidnapping in the second degree with kidnapping in the first degree and sentenced defendant to another term of 15 years, to run concurrently with the sentence imposed on robbery in the first degree. The trial court also ordered defendant to serve a five-year minimum term on each sentence pursuant to the provisions of ORS 144.110(1), to run concurrently. Finally, after finding that defendant had used or threatened the use of a firearm during the commission of the crimes, the trial court imposed two minimum terms of five years, pursuant to the provisions of ORS 161.610,[1] which were also to run concurrently with the other concurrent minimums.

In this appeal, defendant makes two assignments of error. First, he asserts that the trial court should have granted his motion for a judgment of acquittal on the two kidnapping charges. He contends that these two counts were merely "incidental" to the alleged crime of robbery. He relies on the

---

[1] ORS 161.610(5) provides:

"The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a) Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"(b) Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years.

"(c) Upon conviction for such felony committed after imprisonment pursuant to paragraph (b) of this subsection, 30 years."

idea that his primary criminal objective was the robbery. Second, he argues that the trial court erred in imposing two concurrent minimum sentences under the provisions of ORS 161.610. He is wrong on the first assignment, and he is right on the second. Accordingly, we affirm his conviction but modify his sentence.

■ Regarding defendant's first assignment of error, it is unnecessary for us to recount all the facts. Suffice it to say that defendant robbed a market. At one point, a courtesy clerk was used as a shield and hostage. At another point, the same clerk and another clerk were taken to the back room of the store and taped together. It is clear from the record that defendant intended to interfere substantially with the personal liberty of the victims, apart from the robbery. We conclude that the trial court did not err in denying the motion or entering separate convictions for kidnapping and robbery. *See State v. Kessler,* 297 Or 460, 686 P2d 345 (1985); *State v. Garcia,* 288 Or 413, 605 P2d 671 (1980); *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979).

■ Regarding defendant's second assignment of error, the state concedes that defendant's conviction should be modified by the elimination of the second minimum sentence for the use of a firearm. The Oregon Supreme Court recently held that it is error to impose consecutive minimum firearm sentences on a defendant who is convicted of several felonies committed during the course of one criminal transaction. *State v. Hardesty,* 298 Or 616, 695 P2d 569 (1985). This court has concluded, pursuant to ORS 161.610, that the *Hardesty* rule applies to concurrent as well as consecutive minimum firearm sentences. *State v. McCrea,* 72 Or App 587, 696 P2d 1129 (1985). In reaching that result, we relied on the language in *Hardesty* that the firearm minimum must be limited to the first sentence imposed in a multiple offense situation. 298 Or at 619. There can only be one "first" sentence, regardless of whether it runs consecutively *or* concurrently with another sentence.

■ We are able to correct the defect in the trial court's sentencing order without the necessity of a remand. We delete the second five-year minimum for use of the firearm (on the kidnapping charge) and enter judgment accordingly. The five-year firearm minimum on the robbery conviction remains

unchanged. Or Const Art VII (Amended), § 3; *see State v. Capwell,* 52 Or App 43, 47, 627 P2d 905 (1981); *State v. Greenlaw,* 50 Or App 97, 622 P2d 325 (1981).

Conviction affirmed; sentence modified to eliminate the second minimum sentence for the use of a firearm.