Argued and submitted September 30, affirmed as modified November 12, 1986

# STATE OF OREGON,
*Respondent,*

*v.*

# EARL CLYDE BROWN, III,
*Appellant.*

(85-618; 85-798; CA A38928 (Control); CA A38929)
(Cases Consolidated)

728 P2d 534

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Defendant was convicted, in separate trials, for kidnapping in the first degree, ORS 163.235, and burglary in the first degree. ORS 164.225. The trial court imposed a 20-year sentence with a five-year minimum for each conviction to be served concurrently. It also found defendant to be a dangerous offender, under ORS 161.735, and imposed a concurrent 30-year sentence, with a 15-year minimum, on each conviction. Defendant appeals, contending that the trial court erred in finding him a dangerous offender and in sentencing him to 20 years on each felony and 30 years in each case as a dangerous offender.

■ ■ Defendant first argues that the trial court erred in finding him to be a dangerous offender, because he was not examined by the psychiatrist appointed by the court pursuant to ORS 161.735. Defendant refused to be examined and cannot now argue that he was denied a psychiatric evaluation. *State v. Hunter,* 58 Or App 99, 110, 647 P2d 943 (1982), *rev den* 294 Or 391 (1983). ORS 161.735 requires the court to consider the presentence report and the evidence in the case, as well as the psychiatric report. There was sufficient evidence from those sources for the trial court to find that defendant is a dangerous offender.

■ We accept the state's concession that it was improper to impose both a 20-year sentence for the underlying felony and a 30-year sentence as a dangerous offender in each case. We modify the judgments by vacating the sentences for the underlying felonies. *See State v. McCormick,* 80 Or App 191, 721 P2d 471, *rev den* 302 Or 86 (1986).

Judgments modified by vacating sentences for the underlying felonies; affirmed as modified.