Argued and submitted August 28, affirmed as modified November 12, 1986

STATE OF OREGON,
*Respondent,*

*v.*

DONALD RAY WELLS,
*Appellant.*

(85-5164; CA A38628)

728 P2d 533

Gary D. Babcock, Public Defender, Salem, argued the the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant was convicted in Polk County of robbery in the third degree and attempted murder, committed on June 25, 1985. He was later convicted in Marion County of robbery in the first degree, committed on June 15, 1985. Defendant appeals his sentence in Marion County, contending that the court lacked authority to impose a five-year "gun minimum" sentence pursuant to *former* ORS 161.610(5)(a) (now ORS 161.610(4)(a)), to run consecutively with a similar five-year minimum sentence imposed in Polk County.

In June, 1985, ORS 161.610 provided, in part:

"(4)   Notwithstanding the provisions of ORS 161.605 or 137.010(2), if the court finds beyond a reasonable doubt that the defendant used or threatened to use a firearm during the commission of the crime, it shall impose at least the minimum term of imprisonment as provided in subsection (5) of this section. * * *

"(5)   The minimum terms of imprisonment for felony convictions in which the court finds that the defendant used or threatened to use a firearm shall be as follows:

"(a)   Except as provided in subsection (6) of this section, upon the first conviction for such felony, five years.

"(b)   Upon conviction for such felony committed after punishment pursuant to paragraph (a) of this subsection, 10 years."

The proper application of ORS 161.610 to the present case is provided by our recent decision in *State v. Haywood,* 73 Or App 6, 697 P2d 977 (1985). In *Haywood,* the defendant committed two felonies in two separate criminal episodes. 73 Or App at 9. He was prosecuted in a single proceeding. *State v. Haywood, supra,* 73 Or App at 9. Under those facts, we concluded that the defendant was subject to only one mandatory minimum sentence pursuant to ORS 161.610(5)(a). *State v. Haywood, supra,* 73 Or App at 9; *see also State v. Curtis,* 80 Or App 477, 478, 722 P2d 1288, *rev den* 302 Or 35 (1986). In so doing, we relied on the following language from *State v. Hardesty,* 298 Or 616, 619, 695 P2d 569 (1985):

"ORS 161.610(5)(a) applies to the 'first conviction for such felony.' 'Such' refers to a felony involving the use or threat to use a firearm, not to the particular kind of underlying crime charged. There can only be one 'first conviction.' It

therefore is immaterial whether 'conviction' refers to a single event in a court, though it may dispose of several charges, or to conviction of the first of several charges; either way, subsection 5(a) provides only a single five-year minimum term for the 'first conviction.' "

The present case differs from *Haywood* only in that defendant was convicted in two separate proceedings. That does not change the application of ORS 161.610(5)(a). As in *Haywood,* defendant can have only one "first conviction." Hence, only one five-year minimum sentence can be imposed pursuant to ORS 161.610(5)(a). Moreover, *former* ORS 161.610(5)(b) (now ORS 161.610(4)(b)) is inapplicable because defendant's felony in Marion County was not "*committed* after punishment" for the Polk County felony, as would be required before a ten-year minimum sentence could be imposed. Accordingly, the court had no authority to impose a second five-year minimum sentence, to run either consecutively or concurrently with the five-year minimum sentence imposed by the Circuit Court of Polk County. *See State v. Curtis, supra,* 80 Or App at 478.

Conviction affirmed; sentence modified to eliminate five-year minimum sentence for the use of a firearm.