Argued and submitted September 23, affirmed as modified October 28, 1987

STATE OF OREGON,
*Respondent,*

*v.*

CLARK PAUL MOORE,
*Appellant.*

(85-0418; CA A43419)

744 P2d 1006

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Defendant was convicted of one count of robbery in the first degree (Robbery I), burglary in the first degree (Burglary I) and theft in the first degree (Theft I), and of three counts of kidnapping in the second degree (Kidnapping II). All of the charges arose from the same criminal episode. The trial court imposed a ten-year sentence with a five-year minimum term for each conviction,[1] all sentences to be served concurrently. Defendant appeals his sentences,[2] contending that they are excessive and violate his constitutional right against cruel and unusual punishment under the Oregon Constitution.[3] However, we first address two errors in sentencing that the state concedes are apparent on the face of the record.

■ First, the trial court erred in imposing more than one minimum sentence under ORS 161.610. *State v. Hardesty,* 298 Or 616, 619, 695 P2d 569 (1985). Because the trial court clearly intended to impose a five-year minimum under ORS 161.610, we leave in place the five-year minimum on the Robbery I conviction. However, we modify the judgment by vacating the minimum terms imposed on the convictions for Kidnapping II, Theft I and Burglary I. *See State v. Brown,* 82 Or App 256, 728 P2d 534 (1986).

■ Second, the trial court erred in imposing a ten-year sentence for Theft I, a Class C felony for which a five-year prison sentence is the maximum that may be imposed. ORS 164.055(3); ORS 161.605(3).[4] We vacate the sentence imposed on the Theft I conviction and remand for resentencing on that conviction.

Defendant's constitutional argument has no merit. *State v. Dinkel,* 34 Or App 375, 389, 579 P2d 245 (1978), *rev den* 285 Or 195 (1979).

---

[1] The minimum sentences were imposed under ORS 161.610 because defendant used or threatened to use a firearm during the criminal episode.

[2] He assigns error only to the sentences.

[3] Article I, section 16, of the Oregon Constitution provides, in relevant part:

"Cruel and unusual punishments shall not be inflicted, but all penalties shall be proportioned to the offense."

[4] The sentences imposed on the other convictions are within the ranges permitted by the respective statutes.

Judgment modified by vacating five-year minimum sentences for Kidnapping II, Theft I and Burglary I convictions; ten-year sentence for Theft I conviction vacated and remanded for resentencing; otherwise affirmed.