## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS CARDEAU DICKERSON,
aka Thomas Cardell Dickerson,
*Appellant.*

(C87-03-31252; CA A45318)

756 P2d 59

Wayne Mackeson and Des Connall and Dan Lorenz, P.C., Portland, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Christine Chute, Assistant Attorney General, Salem, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Defendant was charged in a single indictment with assault in the first degree with a firearm, ORS 163.185, and being an exconvict in possession of a firearm. ORS 166.270. He pleaded no contest to being an exconvict in possession of a firearm, and the jury found him guilty of the other charge. The court declared him to be a dangerous offender pursuant to ORS 161.725 and sentenced him to 30 years imprisonment on the assault charge. It imposed a discretionary minimum term of 15 years under ORS 144.110 and a mandatory minimum term of five years for using a gun pursuant to ORS 161.610. On the exconvict in possession charge, the court sentenced him to five years' incarceration and imposed a mandatory minimum term of five years under ORS 161.610. The sentences on the two charges were to be served concurrently.

Defendant first argues that there was insufficient evidence for the jury to find that the victim suffered "serious physical injury," a required element for first degree assault. There was sufficient evidence.

Defendant next argues that the court erred in imposing a mandatory gun minimum pursuant to ORS 161.610 as part of the sentence for the charge of being an exconvict in possession of a firearm. He contends that that offense is an inherently passive crime and does not entail use of the firearm possessed.

We need not address that contention because, as defendant points out, the court had no authority to impose a second gun minimum sentence. The state concedes that the court erred, *State v. Hardesty,* 298 Or 616, 695 P2d 569 (1985), and agrees that we should vacate that portion of the sentence.

Five-year minimum sentence for being exconvict in possession of firearm vacated; otherwise affirmed.