Argued and submitted May 19, judgment granting new trial for attempted murders affirmed (A50071); judgment granting relief from conviction for being ex-convict in possession of firearm reversed (A50072) July 19, 1989

BENNIE ROGER JACK,
*Respondent,*

*v.*

MAASS,
*Appellant.*

(87-C-11048; CA A50071 (Control);
87-C-11132; CA A50072)
(Cases consolidated for opinion only)

776 P2d 593

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

David B. Kuhns, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In these related post-conviction cases, consolidated for the purpose of this opinion, the state appeals the grant of a new trial on petitioner's convictions for attempting to murder two people with a gun and of being an ex-convict in possession of a firearm. The charges stemmed from the same incident but were severed for trial. At the attempted murder trial, petitioner's attorney did not object to this jury instruction:

"If you have a reasonable doubt that the defendant is guilty of attempted murder, you should consider whether the defendant is guilty of attempted manslaughter."

After being convicted of attempted murder, petitioner followed his attorney's advice to plead guilty to the ex-convict in possession charge. We affirmed the attempted murder convictions in *State v. Jack,* 73 Or App 11, 697 P2d 980, *rev den* 299 Or 203 (1985). The post-conviction court granted relief in both cases.

1.     With respect to the attempted murder convictions, the post-conviction court concluded that the jury instruction to which petitioner's counsel had agreed was an improper "acquittal first" instruction.[1] It held that petitioner was denied effective assistance of counsel by his counsel's failure to except to the instruction, and it set aside his attempted murder convictions. That holding was correct. As the state effectively concedes, the instruction given at petitioner's trial is indistinguishable from the one found to be improper by the Supreme Court in *Tarwater v. Cupp,* 304 Or 639, 748 P2d 125 (1988).[2] We are bound by the Supreme Court's holding.

---

[1] An "acquittal first" instruction requires the jury to *acquit* on the most serious crime with which a defendant is charged before considering whether he is guilty of a lesser included offense. Thus, it does not permit a jury that is unable to reach a decision on the more serious charge to consider lesser included offenses. Because that gives a juror voting in the minority who is unsuccessful in changing the majority's opinion the choice of changing his own vote or creating a hung jury, the instruction is improperly coercive. *State v. Allen,* 301 Or 35, 39, 717 P2d 1178 (1986).

[2] The jury instruction in *Tarwater* read:

" 'Now, with reference to the crime charged in Count III of the Indictment, although the defendant is charged in that Count with the crime of Rape in the First Degree, you have the right to determine in that Count that the defendant has committed a crime of lesser degree, *provided that you are not satisfied beyond a reasonable doubt that he has committed the crime as charged,* but you are satisfied beyond a reasonable doubt that he has committed a crime of lesser degree. * * *' (Emphasis added.)" 304 Or at 642.

**2.** The post-conviction court also held that petitioner was denied adequate counsel with respect to his conviction for being an ex-convict in possession of a firearm. It found that counsel recommended a guilty plea because petitioner had already been convicted of attempted murder and therefore stood little chance of being acquitted on the second, related charge. The court apparently reasoned that counsel could not properly base his advice on the attempted murder convictions that it subsequently set aside.

The state contends that the validity of the attempted murder convictions has no logical relevance to whether counsel rendered adequate assistance when he advised petitioner to plead guilty to the ex-convict in possession charge. Whether that advice was proper depends on the strength of the state's case on that charge and on the availability of defenses. Counsel knew that petitioner's victims would testify that he shot them with a handgun, and there was no dispute about his being an ex-convict. Moreover, defendant's only defense at the attempted murder trial was that he had acted under extreme emotional disturbance. He did not deny being in possession of the gun, and it was almost certain that, if he were to stand trial, he would be convicted. By pleading guilty, he was assured of receiving a five-year sentence that would run concurrently with his sentence for the attempted murders. Nothing in the record suggests that he would have received a lighter sentence after being convicted in a jury trial. If the attempted murder convictions stood, the ex-convict in possession charge would have minimal significance. If they did not, he would lose nothing. Counsel's advice was not ineffective assistance in either circumstance.

Judgment granting a new trial for attempted murders affirmed (A50071); judgment granting relief from conviction for being an ex-convict in possession of firearm reversed (A50072).