## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES THOMAS BIRCHARD,
*Appellant.*

(89-CF-007; CA A62487)

804 P2d 1224

Ingrid A. MacFarlane, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

After his convictions for attempted murder and attempted robbery in Umatilla County, defendant was convicted and sentenced in Morrow County for attempted murder. He appeals from that judgment. His sentence included a mandatory minimum for the use of a gun, to be served consecutively to the Umatilla County sentences. Although the Umatilla County sentences, including a mandatory gun minimum, had been imposed, they had not been served. *See State v. Birchard (A62159/60),* 105 Or App 402, 804 P2d 1225 (1991).

The state asserts that the error was not prejudicial, but it concedes that the trial court erred in imposing the gun minimum sentence in Morrow County, because the Umatilla County sentence had not been served. *State v. Wells,* 82 Or App 283, 728 P2d 533 (1986); *State v. Haywood,* 73 Or App 6, 697 P2d 977 (1985). We agree that it was error.

Although the error was not preserved, it is apparent on the face of the record, ORAP 5.45(2), and we conclude that it was egregious and potentially prejudicial. We remand for resentencing. *State v. Brown,* 310 Or 347, 800 P2d 259 (1990).

We have considered defendant's other assignments of error. They are without merit.

Conviction affirmed; remanded for resentencing.