Submitted April 30; remanded for resentencing, otherwise affirmed
June 9, 2021

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## GARY DUANE LAIRD,
*Defendant-Appellant.*

Multnomah County Circuit Court
18CR05891; A170577

487 P3d 878

Gregory F. Silver, Judge.

Ryan T. O'Connor and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Powers, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Remanded for resentencing; otherwise affirmed.

**PER CURIAM**

In this criminal case, defendant appeals from a judgment convicting him of strangulation constituting domestic violence, ORS 163.187; unlawful use of a weapon with a firearm, ORS 166.220; second-degree assault constituting domestic violence, ORS 163.175; and fourth-degree assault constituting domestic violence, ORS 163.160. The trial court imposed an aggregate prison sentence of 130 months consecutive to a previously imposed sentence arising out of a case in Clackamas County Circuit Court. More specifically, as part of that 130-month aggregate sentence, the court imposed a five-year gun-minimum sentence under ORS 161.610 on the unlawful use of a weapon-firearm conviction.

On appeal, defendant raises eight assignments of error, and we reject all but one of those assignments without discussion. In his eighth assignment of error, defendant contends that the trial court plainly erred when it imposed a five-year gun minimum under ORS 161.610.[1] Recognizing that defendant previously was convicted of a qualifying felony in Clackamas County, the state concedes that the trial court plainly erred in imposing a second gun-minimum sentence. We agree, accept the state's concession, and exercise our discretion to correct the error. *See State v. Wells*, 82 Or App 283, 286, 728 P2d 533 (1986) (explaining that, under a prior version of ORS 161.610, the trial court "had no authority to impose a second five-year minimum sentence" in Marion County after the defendant had already received a five-year gun-minimum sentence in Polk County); *see also State v. Birchard (A62487)*, 105 Or App 400, 401, 804 P2d 1224, *rev den*, 311 Or 427 (1991) (holding that the trial court plainly erred by imposing a gun-minimum sentence in violation of ORS 161.610 and exercising discretion to correct it).

Remanded for resentencing; otherwise affirmed.

---

[1] ORS 161.610 provides, in part:

"(4)  The minimum terms of imprisonment for felonies having as an element the defendant's use or threatened use of a firearm in the commission of the crime shall be as follows:

"(a)  Except as provided in subsection (5) of this section, *upon the first conviction for such felony*, five years, except that if the firearm is a machine gun, short-barreled rifle, short-barreled shotgun or is equipped with a firearms silencer, the term of imprisonment shall be 10 years."

(Emphasis added.)